[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 46.]

QUONSET HUT, INC., APPELLEE, *v.* FORD MOTOR COMPANY, APPELLANT.

[Cite as *Quonset Hut, Inc. v. Ford Motor Co*., 1997-Ohio-359.]

*Civil procedure—For purposes of Civ.R. 41(B)(1), counsel has notice of an impending dismissal with prejudice for failure to comply with a discovery order, when.*

For purposes of Civ.R. 41(B)(1), counsel has notice of an impending dismissal with prejudice for failure to comply with a discovery order when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal.

(No. 96-1926—Submitted June 10, 1997—Decided October 8, 1997.)

APPEAL from the Court of Appeals for Stark County, No. 1995CA00394.

—————————

{¶ 1} On August 17, 1994, plaintiff-appellee Quonset Hut, Inc. ("Quonset") filed a complaint alleging that defendant-appellant Ford Motor Company ("Ford") had breached express and implied warranties regarding a new Ford van purchased by Quonset. Ford filed its answer on October 7, 1994.

{¶ 2} On February 1, 1995, Ford filed a Notice of Service of Discovery Requests. Ford had served its first set of discovery requests on Quonset's counsel the previous day. Quonset did not answer or request an extension of time to file an answer. On April 3, 1995, Ford filed a motion seeking to have requests for admission deemed admitted. On April 24, 1995, the trial court granted Ford's motion.

{¶ 3} Ford sent a letter dated May 1, 1995 to Quonset's counsel indicating that continued failure to respond to the discovery requests would cause Ford to request assistance from the court. On June 2, 1995, Ford sought that assistance by filing a motion to compel discovery. In a judgment entry dated June 23, 1995, the

trial court granted the motion to compel discovery and ordered Quonset to respond to Ford's discovery requests within fourteen days from the date of the order. Quonset did not comply with the discovery order.

{¶ 4} On August 25, 1995, Ford filed a motion seeking an order of contempt and sanctions due to Quonset's continued failure to comply with the discovery order. Among the sanctions Ford sought was dismissal with prejudice pursuant to Civ.R. 37. Quonset filed a motion acknowledging that some sanction was appropriate but requesting the court to deny Ford's motion for dismissal. Counsel for Quonset stated by affidavit that illness had impaired his ability to serve Quonset.

{¶ 5} In its motion, Quonset stated that it was "offering to mail responses to the Discovery Requests by September 29, 1995." On September 27, 1995, at which time Quonset still had not complied with the discovery order, the trial court issued an order holding Quonset in contempt.

{¶ 6} As of October 26, 1995, Quonset had not complied with the order to compel discovery. On that date, the trial court granted Ford's motion for dismissal.

{¶ 7} Quonset appealed, claiming that it had not received proper notice of the dismissal pursuant to Civ.R. 55(A). The court of appeals reversed, finding that the trial court had not given Quonset notice of its intention to dismiss as required by Civ.R. 41(B)(1).

{¶ 8} The cause is now before this court pursuant to the allowance of a discretionary appeal.

_____

*Gerald P. Leb*, for appellee.

*Porter, Wright, Morris & Arthur, Margaret M. Koesel* and *Joyce Metti Papandreas,* for appellant.

_____

**PFEIFER, J.**

2

{¶ 9} The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court.[1] *Jones v. Hartranft* (1997), 78 Ohio St.3d 368, 371, 678 N.E.2d 530, 534; *Pembaur v. Leis* (1982), 1 Ohio St.3d 89, 91, 1 OBR 125, 126, 437 N.E.2d 1199, 1201. Our review of such a dismissal is limited to determining whether the trial court abused its discretion. *Jones*, 78 Ohio St.3d at 371, 678 N.E.2d at 534. Abuse of discretion "'connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court * * *.'" *Pembaur*, 1 Ohio St.3d at 91, 1 OBR at 127, 437 N.E.2d at 1201, quoting *Klever v. Reid Bros. Express, Inc.* (1951), 154 Ohio St. 491, 43 O.O. 429, 96 N.E.2d 781, paragraph two of the syllabus. We conclude that the trial court did not act in an unreasonable, arbitrary, or unconscionable manner and accordingly did not abuse its discretion in dismissing this case with prejudice.

{¶ 10} Civ.R. 37(B)(2) states that "[i]f any party * * * fails to obey an order to provide or permit discovery, * * * the court * * * may make such orders in regard to the failure as are just, [including]:

"* * *

"(c) An order * * * dismissing the action * * *."

{¶ 11} Civ.R. 41(B)(1) governs involuntary dismissals. It states that "[w]here the plaintiff fails to * * * comply with * * * any court order, the court * * * may, after notice to the plaintiff's counsel, dismiss an action or claim." Civ.R. 41(B)(1).

{¶ 12} Among the factors to be considered by the trial judge in determining whether dismissal under Civ.R. 37 is appropriate is the tenet that "disposition of cases on their merits is favored in the law." *Jones*, 78 Ohio St.3d at 371, 678 N.E.2d

---

1. While *Jones* and *Pembaur* specifically involved dismissals for failure to prosecute, both cases generally addressed involuntary dismissals under Civ.R. 41(B)(1). We conclude that the abuse of discretion standard also applies to dismissals for failure to comply with a discovery order under Civ.R. 41(B)(1).

at 534. See, also, *Ohio Furniture Co. v. Mindala* (1986), 22 Ohio St.3d 99, 101, 22 OBR 133, 135, 488 N.E.2d 881, 883; *Hawkins v. Marion Correctional Inst.* (1986), 28 Ohio St.3d 4, 5, 28 OBR 3, 4, 501 N.E.2d 1195, 1195-1196. Indeed, this court has stated that "[j]udicial discretion must be carefully—and cautiously—exercised before this court will uphold an outright dismissal of a case on purely procedural grounds." *DeHart v. Aetna Life Ins. Co.* (1982), 69 Ohio St.2d 189, 192, 23 O.O.3d 210, 212, 431 N.E.2d 644, 646. See, also, *Jones*, 78 Ohio St.3d at 372, 678 N.E.2d at 534. Despite the heightened scrutiny to which dismissals with prejudice are subject, this court will not hesitate to affirm the dismissal of an action when "'the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.'" *Tokles & Son, Inc. v. Midwestern Indemn. Co.* (1992), 65 Ohio St.3d 621, 632, 605 N.E.2d 936, 944, quoting *Schreiner v. Karson* (1977), 52 Ohio App.2d 219, 223, 6 O.O.3d 237, 239, 369 N.E.2d 800, 803. See *DeHart*, 69 Ohio St.2d at 193, 23 O.O.3d at 213, 431 N.E.2d at 647 (flagrant, substantial disregard for court rules can justify a dismissal on procedural grounds).

{¶ 13} We turn now to the primary issue in this case, whether Quonset's counsel received the notice due under Civ.R. 41(B)(1). In *Mindala*, this court held that "the notice requirement of Civ.R. 41(B)(1) applies to *all* dismissals with prejudice, including those entered pursuant to Civ.R. 37(B)(2)(c) for failure to comply with discovery orders." (Emphasis *sic*.) *Mindala*, 22 Ohio St.3d at 101, 22 OBR at 135, 488 N.E.2d at 883. This court has recently stated that "[t]he purpose of notice is to 'provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice.'" *Logsdon v. Nichols* (1995), 72 Ohio St.3d 124, 128, 647 N.E.2d 1361, 1365, quoting McCormac, Ohio Civil Rules Practice (2 Ed.1992) 357, Section 13.07.

{¶ 14} The record indicates that Quonset's counsel was on notice that the action could be dismissed. Quonset's counsel was aware that Ford had filed a motion requesting the court to dismiss Quonset's claim with prejudice. In fact, Quonset filed a responsive motion urging that dismissal not be granted. It is apparent that Quonset's counsel was on notice of the possibility of dismissal with prejudice. Nevertheless, the record does not indicate that Quonset or its counsel took any action to comply with the outstanding discovery order.

{¶ 15} Five days after Quonset's responsive motion, the trial court found Quonset in contempt for failing to comply with the discovery order. A full month after the trial court found Quonset in contempt, Quonset had not complied, even in part, with the discovery order. At that time, the trial court granted Ford's motion to dismiss with prejudice.

{¶ 16} We hold that for purposes of Civ.R. 41(B)(1), counsel has notice of an impending dismissal with prejudice for failure to comply with a discovery order when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal. See *Logsdon*, 72 Ohio St.3d at 129, 647 N.E.2d at 1365-1366 (Cook, J., concurring in part and dissenting in part) (the notice required by Civ.R. 41[B][1] need not be actual but may be implied when reasonable under the circumstances).

{¶ 17} We turn now to the issue of whether the trial court abused its discretion in dismissing this case with prejudice. Prior to dismissing the case, the trial court issued an order compelling discovery. Quonset did not comply with it. Consequently, the trial court issued an order of contempt. Still, Quonset did not comply with the discovery order.

{¶ 18} As noted above, the very purpose of notice is to provide a party with an opportunity to explain its default and/or to correct it. Quonset had notice and ample opportunity to explain its default and/or to correct it. It did not do so. There was no reason for the trial court to expect that one more warning would have

prompted Quonset to comply with the discovery order it had ignored for over four months, not to mention the contempt order that had been outstanding for a month.

{¶ 19} Nothing in the record suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. While the trial court could have expressly notified Quonset that dismissal with prejudice was imminent, its failure to do so was not an abuse of discretion because Quonset was already on implied, if not actual, notice. We reverse the judgment of the court of appeals and reinstate the trial court's order dismissing the case under Civ.R. 41(B)(1) for failure to comply with a court order.

*Judgment reversed.*

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

_____

**DOUGLAS, J., dissenting.**

{¶ 20} I respectfully dissent from the judgment of the majority. By this decision, the majority ignores and effectively overrules this court's prior case law on this issue.

{¶ 21} In *Logsdon v. Nichols* (1995), 72 Ohio St.3d 124, 647 N.E.2d 1361, we held that "the trial court erred in failing to provide prior notice before dismissing plaintiffs' action with prejudice." *Id.* at 129, 647 N.E.2d at 1365. In *Logsdon*, this court adopted the well-reasoned opinion of Judge Peggy Bryant of the Franklin County Court of Appeals. In an opinion written by Judge Bryant, the court of appeals unanimously sustained plaintiffs' second assignment of error, which stated that "[t]he dismissal of a case with prejudice is a harsh remedy and, before such a dismissal is proper, a court must first *expressly and unambiguously* give notice of its intention to dismiss with prejudice giving the party one last chance to obey the court's order." (Emphasis added.) *Id.* at 125-126, 647 N.E.2d at 1363.

{¶ 22} Today's majority decision, without so stating, overrules *Logsdon.* The majority, while citing *Logsdon* for support, curiously ignores *Logsdon*'s actual holding. The majority instead adopts the proposition, put forth by Justice Cook in her separate opinion in *Logsdon,* that notice of dismissal, as required by Civ.R. 41(B)(1), need not be actual but may be implied. *Id.,* 72 Ohio St.3d at 129, 647 N.E.2d at 1365-1366 (Cook, J., concurring in part and dissenting in part). That, of course, is entirely proper if that is what the majority means to do. However, in doing so the majority now effectively overrules *Logsdon,* which was decided as recently as May 3, 1995. *Logsdon* should not be overruled at all, but clearly it should not be overruled *sub silentio.* If *Logsdon* is to be overruled, the majority should do so unambiguously, if not expressly. To leave the bench and bar of this state with these conflicting signals is a disservice.

{¶ 23} In the case at bar, the majority says that the record indicates that Quonset's counsel was on notice that its case could be dismissed because Ford had filed a *motion* requesting dismissal of Quonset's action. In its recitation of the facts, the majority states that "Ford filed a *motion* seeking an order of contempt and sanctions due to Quonset's continued failure to comply with the discovery order. Among the sanctions Ford sought was dismissal with prejudice pursuant to Civ.R. 37." (Emphasis added.) Subsequently, the majority states that "the trial court granted Ford's *motion* for dismissal." (Emphasis added.)

{¶ 24} In fact, the record reveals that Ford never filed anything denominated as a "motion to dismiss." What is in the record is a Civ.R. 37 motion for contempt and sanctions for failure to comply with a discovery order. Within this motion for contempt and sanctions, Ford requested dismissal of Quonset's complaint as well as an award of reasonable expenses, including attorney fees. This distinction is important because in *Ohio Furniture Co. v. Mindala* (1986), 22 Ohio St.3d 99, 22 OBR 133, 488 N.E.2d 881, this court held that the notice requirement of Civ.R. 41(B)(1) applies to dismissals with prejudice, including Civ.R. 37

dismissals. In *Ohio Furniture Co.*, we stated that "[n]otice of intention to dismiss with prejudice gives the non-complying party one last chance to obey the court order in full. The moving party should not be allowed to circumvent this protection by simply framing his motion in terms of a Civ.R. 37 sanction." *Id.* at 101, 22 OBR at 135, 488 N.E.2d at 883.

{¶ 25} Further, in the case now before us, the Stark County Court of Appeals noted that while Ford specifically requested dismissal with prejudice as a sanction, there are several possible sanctions available under Civ.R. 37(B). The trial court has discretion to choose which sanction is appropriate. The appellate court reasoned that because of this discretion, the mere fact that dismissal is requested as a possible sanction does not satisfy the notice requirement under Civ.R. 41(B)(1). I find this reasoning persuasive and agree with the Stark County Court of Appeals that Civ.R. 41(B)(1) requires that the trial court must give actual notice of its intent to dismiss.

{¶ 26} It is "a basic tenet of Ohio jurisprudence that cases should be decided on their merits." *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 3, 7 OBR 256, 257, 454 N.E.2d 951, 952. In *Moore v. Emmanuel Family Training Ctr., Inc.* (1985), 18 Ohio St.3d 64, 70, 18 OBR 96, 102, 479 N.E.2d 879, 885, the majority stated that "[b]y not providing advance notice, the *court* failed to comply with the Civil Rules it sought to enforce." (Emphasis added.) I concurred with the majority in *Moore* and separately indicated that the requirement of notice of intent to dismiss under Civ.R. 41(B)(1) "is clear and unambiguous," and that "[s]uch lack of notice is a clear violation of the rule[.]" *Id.* at 71, 18 OBR at 102, 479 N.E.2d at 886 (Douglas, J., concurring). Here, there is no dispute that the trial court did not give Quonset notice of intent to dismiss pursuant to Civ.R. 41(B)(1).

{¶ 27} Our previous holdings that Civ.R. 41(B)(1) requires that notice of intent to dismiss with prejudice be unambiguous and express represent an easily applied, uniform rule of law. In contrast, the majority's approach of resolving this

issue on a case-by-case basis will do very little in the way of promoting judicial economy and the speedy resolution of disputes. Adopting a rule of implied notice, I fear, may have the opposite effect by generating more appeals and prolonging causes of action as trial courts struggle to decide under which circumstances appropriate notice may be inferred. Accordingly, I respectfully dissent from the majority decision and would, instead, adhere to our previous decisions in *Logsdon* and its progeny and the protection they afford to the principles of due process.

F.E. SWEENEY, J., concurs in the foregoing dissenting opinion.

———————————

**ALICE ROBIE RESNICK, J., dissenting.**

{¶ 28} Civ.R. 41(B)(1) requires a court to give plaintiff or plaintiff's counsel actual notice of the court's intention to dismiss the case with prejudice. See *Logsdon v. Nichols* (1995), 72 Ohio St.3d 124, 647 N.E.2d 1361; *Levy v. Morrissey* (1986), 25 Ohio St.3d 367, 25 OBR 416, 496 N.E.2d 923; *Ohio Furniture Co. v. Mindala* (1986), 22 Ohio St.3d 99, 22 OBR 133, 488 N.E.2d 881; *Moore v. Emmanuel Family Training Ctr., Inc.* (1985), 18 Ohio St.3d 64, 18 OBR 96, 479 N.E.2d 879; *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 7 OBR 256, 454 N.E.2d 951; *Svoboda v. Brunswick* (1983), 6 Ohio St.3d 348, 6 OBR 403, 453 N.E.2d 648. I therefore respectfully dissent and would affirm the court of appeals' decision.

DOUGLAS, J., concurs in the foregoing dissenting opinion.

———————————