This is an appeal from a judgment of the Williams County Court of Common Pleas dismissing, with prejudice, appellants' claims of medical malpractice for failure to comply with the trial court's discovery orders. Appellants, Rodney Merritt, individually and as next friend and legal guardian of Daniel Merritt, a minor, and Susan Merritt, individually and as next friend and legal guardian of Daniel Meritt, a minor, ask us to consider the following assignment of error:
 "The trial court was without authority and otherwise abused its discretion by imposing the severest sanction of a dismissal, with prejudice, without first giving notification of the intended sanction with an opportunity to correct the perceived defect in complying with its discovery order."
On January 24, 1997, appellants filed a complaint against appellees, John Trippy D.D.S. and Community Hospitals of Williams County, Bryan Division ("Hospital"). Appellants alleged at the negligence of Dr. Trippy during the extraction of four their minor son's teeth caused the child, Daniel, injury. Appellants named the Hospital as a defendant through its agent, Dr. Trippy.
Appellees filed separate answers. On February 5, 1997, the Hospital served appellants with interrogatories and requests for the production of documents. On March 20, 1997, Dr. Trippy served appellants with his first set of interrogatories and requests for production of documents. Appellants never responded either the Hospital's or Dr. Trippy's requests for discovery requested an extension of time.
On July 7, 1997, the court held a pre-trial conference. At that time, the Hospital made an oral request for a court order compelling appellants to respond to the first set of interrogatories and requests for documents. On July 17, 1997, and as a result of that conference, the court issued an order stating, among other things: "1. First Discovery responses shall be completed by August 15, 1997." Appellants again failed to respond to or request an extension of time to respond to the court's order
On September 2, 1997, the Hospital filed, pursuant to Civ.R. 37(B) and (D), a motion to dismiss appellants' claims, with prejudice, as a sanction for failure to comply with discovery requests and failure to comply with the court's order compelling discovery. The Hospital alleged that the discovery requests addressed expert witnesses, appellants' theory of the case and damages and requested necessary medical records. Attached to the motion were two letters, one dated March 27, 1997 and the other June 9, 1997. Each letter asked for a response to the Hospital's discovery request. The Hospital claimed its case was prejudiced by appellants' failure to comply with the court's order because it could not proceed with the case absent appellants' cooperation in consenting to the release of medical records related to Daniel's care. The certificate of service appended to the motion to dismiss discloses that the motion was mailed to appellants' attorney on August 29, 1997.
On September 8, 1997, the trial court granted the Hospital's motion and ordered, under Civ.R. 37(B), appellants' claims against the Hospital dismissed, with prejudice.
On September 9, 1997, Dr. Trippy, filed a motion to dismiss pursuant to Civ.R. 37(B) and (D). The motion simply incorporated the facts and law set forth in the Hospital's motion to dismiss. The certificate of service to this motion reveals that it was mailed to appellants' attorney on September 8, 1997.
Because Dr. Trippy's motion did not address the circumstances surrounding Trippy's discovery requests and appellants' failure to comply, the trial court denied the motion on September 10, 1997. Dr. Trippy then filed a motion for reconsideration setting forth the procedural facts as they related to the claim against him and attaching a letter, dated April 18, 1997, to appellants' attorney, requesting a response to his discovery requests. The certificate of service to this motion reveals that it was mailed to appellants' attorney on September 17, 1997.
In a judgment journalized on September 23, 1997, the court granted Dr. Trippy's motion and dismissed appellants' claims against him with prejudice. This appeal followed.
Appellants contend the trial court abused its discretion by imposing the harshest sanction allowed for discovery violations under Civ.R. 37(B). Appellants claim that the trial court erred by not considering the fact that appellees did not make a reasonable effort to resolve the matter prior to filing their motions to dismiss[1]. They also assert that the court failed to provide them with notice of the fact that their cause of action would be dismissed with prejudice for failure to comply with the court's July discovery order. Additionally, appellants argue that they were not provided with sufficient time, under Civ.R. 12(A), to respond to appellees' motions to dismiss and Dr. Trippy's motion for reconsideration. Counsel for appellants also sets forth several "good faith" reasons/facts in his brief justifying noncompliance with the court's order. These reasons/facts are not part of the record in this case and therefore shall not be considered by this court.
We shall first address the notice issue.
Notice of a dismissal with prejudice for failure to comply with a discovery order is sufficient "when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal."Quonset Hut Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, syllabus.
In this case, appellants do not deny that they were served with each of the appellees' motions to dismiss. The motions to dismiss are sufficient notice to satisfy the requisites of the statute. See Quonset Hut, Inc. v. Ford Motor, Inc., 80 Ohio St. 3
d at 48-49. Therefore, the question is whether appellants had a "reasonable" opportunity to respond to the motions[2].
The Hospital mailed its motion to dismiss with prejudice on August 29, 1997; the court ruled on that motion on September 8, 1997. Ostensibly, appellants had only seven days [excluding mail time as required under Civ.R. 6(E)] in which to respond to the Hospital's motion to dismiss. They did not do so in that seven day period. Moreover, the court's order of September 8, 1997 was not a final order under Civ.R. 54(B) because the court did not dispose of all the claims or dismiss all the parties from this case. As a result, the court's order was subject to revision. Civ.R. 54(B). Appellants could have filed a response/motion for reconsideration or attempted to comply with the discovery order at any point before September 23, 1997, the date the court's judgment became final. Consequently, appellants had ample time, twenty-two days, in which to argue their case to the court.
With regard to Dr. Trippy's motions to dismiss and for reconsideration, appellants had, essentially, from September 11, 1997 to September 23, 1997 to make some kind of response. Again, appellants' trial counsel failed to engage in discovery or to respond in any manner to these motions. Accordingly, we find that appellants were afforded a reasonable response time to appellees' motions.
We now turn to the merits of appellants' remaining arguments.
Civ.R. 37(B)(2) provides, in material part:
 "[I]f any party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others * * * (c) An order * * * dismissing the action * * *."
Similarly, Civ.R. 41(B)(1) provides that "where the plaintiff fails to * * * comply with * * * any court order, the court * * * may, after notice to the plaintiff's counsel, dismiss an action or claim."
The decision to dismiss a case under Civ.R. 41(B)(1)/Civ.R. 37(B)(2) is a matter within the trial court's discretion.Quonset Hut Inc. v. Ford Motor Co., 80 Ohio St.3d at 47-48. Thus, we are limited to determining whether the common pleas court abused that discretion. Id. at 47. An abuse of discretion is more than an error of law or judgment; it implies that a court's attitude in reaching its judgment was arbitrary, unreasonable or unconscionable. Id.
"Among the factors to be considered by the trial judge in determining whether dismissal under Civ.R. 37. or [Civ.R. 41] appropriate is the tenet that disposition of cases on their writs is favored in the law.' " Id. at 48. Although dismissals with prejudice are given heightened scrutiny, appellate courts would not hesitate to affirm the dismissal of an action when the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.' " Id., citing Tokles Son, Inc. v. Midwestern Indemn.Co. (1992), 65 Ohio St.3d 621, 632.
We recognize that a dismissal with prejudice for failure to obey a court's order is an extremely harsh sanction; however, in this case, appellants' conduct was negligent and irresponsible to the degree that it provided substantial grounds for the dismissal. Appellants' counsel had to be aware that medical records and other documents related to Daniel's health were extremely important in moving forward in this malpractice case. The records were a necessary aid to appellees in developing their defenses, determining the type and extent of expert testimony and for use in determining who must be deposed and what questions must be asked. The court recognized the importance of appellees' first discovery requests and issued an order compelling discovery. At the time of final judgment, it was almost nine months after the first discovery requests were made, over two months after the court order, six weeks after the expiration of the time set by the court, and three weeks after the first motion to dismiss was filed. Yet, at that point, appellants had failed to respond in any way to the first discovery requests. We find that this inaction constituted the type of negligent and irresponsible conduct that constitutes substantial grounds for a dismissal Under Civ.R. 37(B)(2)(c) and Civ.R. 41(B)(1). The trial court did not abuse its discretion by granting appellees' motions to dismiss. Accordingly, appellants' sole assignment of error is found not well-taken.
The judgment of the Williams County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J. -------------------------- JUDGE
James R. Sherck, J. -------------------------- JUDGE
Richard W. Knepper, J. CONCUR. -------------------------- JUDGE
[1] Civ.R. 37(E) requires that before filing a motion to compeldiscovery, not a motion to dismiss, the moving party must make a reasonable effort to resolve the matter with the attorney or person from whom discovery is sought. The letters attached to appellees' motions to dismiss go to this provision of the statute and should have been challenged by appellants at the time the request for an order compelling discovery was made. There is nothing in the record to suggest that appellants made an objection at the appropriate time. As a result, appellants waived their right to raise the failure to comply with Civ.R. 37(E) as alleged error on appeal. Schade v. Carnegie Body Co.
(1982), 70 Ohio St.2d 207, 210; Tarry v. Stewart (1994),98 Ohio App.3d 533, 540.
[2] The fourteen day response period allowed in Civ.R. 12 is applicable only to those motions set forth in that rule. See Civ.R. 12(A).