OPINION
Plaintiff-appellant Edward W. Stefanko appeals from an order permanently enjoining defendant-appellee Roscoe Black from raising livestock on his property until Black constructs a commercial-grade fence that will prevent his pigs from trespassing upon Stefanko's property, as required by the trial court's previous order of November 20, 1998, which was issued by a visiting judge. Stefanko argues that the November 20th order was unambiguous, and allowed for only one interpretation, to wit: that, within 60 days of the date of the order's issuance, Black was either to: (1) construct a commercial-grade fence between the two properties; or (2) remove the pigs permanently from his property. Stefanko asserts that, under the plain language of the order, if Black chose the "removal" option, the choice had to be permanent; i.e., he could not construct the fence after the 60-day period had expired, and then re-stock his land with pigs. Stefanko contends that since Black did not comply with either option within the requisite 60-day period, he was entitled to have Black, his agents, and assigns, permanently enjoined from raising pigs on Black's property, irrespective of whether Black someday constructed a commercial-grade fence, and that the trial court erred by refusing to issue that order.
We conclude that the November 20th order was ambiguously worded, and that the the trial court's interpretation of the order, which determined that Black should be permanently enjoined from raising livestock on his premises until he constructs a commercial-grade fence, is consistent with the language of the November 20th order, and is more reasonable than the interpretation urged upon us by Stefanko, which would unreasonably prevent Black from engaging in a lawful use of his land. Accordingly, the judgment of the trial court is Affirmed.
 I
Stefanko and Black are adjoining property owners. There has been a 25-year history of ill will between them. Black lives at 6100 South Wheelock Road in West Milton, Ohio, where he has engaged in farming for almost 50 years. Stefanko is Black's immediate neighbor to the south. Stefanko sharecrops his land to area farmers. Black raises pigs in a wooded area of his property that is adjacent to the north line of Stefanko's property. The two properties are separated by a fence, which, everyone agrees, is in poor condition. As a result of the poor condition of the fence, Black's pigs have trespassed upon Stefanko's property, damaging his trees, grass, and seedlings.
In 1986, Black sought to have the Union Township Board of Trustees declare the fence between the properties a "partition fence," pursuant to R.C. 971.04. Upon determining that the fence was not a partition fence, as defined in R.C. 971.04, the township trustees ruled that Stefanko had no obligation to bear any of the costs for the fence's construction or maintenance. Black did not file an administrative appeal from the decision of the township trustees.
In March, 1997, Stefanko brought a complaint, alleging that Black's pigs had broken through the fence separating the properties, and trespassed on Stefanko's property, damaging his plants, trees, grass, and seedlings. Stefanko sought money damages and injunctive relief. Black counterclaimed, seeking a declaration that the fence separating the properties was a partition fence, pursuant to R.C. 971.04, and also seeking an order holding Stefanko responsible for a portion of the cost of repairing the fence.
On November 20, 1998, the trial court, which was being presided over by a visiting judge, issued an order granting Stefanko partial relief, and denying Black's counterclaim. The trial court essentially found that the issues raised in Black's counterclaim were res judicata as a result of the Union Township Board of Trustees's 1986 decision, from which Black failed to bring an administrative appeal. The trial court also denied Stefanko's request for money damages, because Stefanko had failed to present sufficient evidence regarding the amount of damages he allegedly incurred. However, the trial court granted Stefanko's request for injunctive relief, ordering Black, in the alternative, either:
 (1) to remove the pigs permanently from the land adjoining Stefanko [sic]; or
 (2) to construct a fence up to commercial standards between the property.
Black was given 60 days to comply with the order. Neither party appealed.
On January 29, 1999, Stefanko filed a Motion for Judgment for Specific Acts, pursuant to Civ.R. 70, which forms the basis for this appeal. In his motion, Stefanko informed the trial court that Black had not complied with the visiting judge's order of November 20, 1998. Stefanko requested the trial court to order that: (1) the pigs be removed from Black's property, at Black's expense, by some appropriate person appointed by the trial court; (2) the Miami County Recorder record the November 20, 1998 order, along with any order issued by the trial court pursuant to Stefanko's latest motion, that would permanently enjoin Black from maintaining pigs on the land adjoining his property, and that would "run with the land"; and (3) Black pay him the attorney fees and costs he incurred as a result of having to file the Civ.R. 70 motion to gain compliance with the November 20th order.
On February 18, 1999, Black responded by filing a Request to Deny Motion on Grounds of Mootness, informing the trial court that the pigs had been sold on February 11, 1999, and that he did not intend to place pigs on his property until he had constructed a commercial-grade fence between his property and Stefanko's, pursuant to the November 20th order. Stefanko filed a Memorandum in Response to Black's motion, arguing that, since Black did not construct a commercial-grade fence between the properties within 60 days of the date of the order's issuance, Black was now obliged to permanently remove the pigs from the land adjoining Stefanko's property.
On March 5, 1999, the trial court issued an order, ruling that "Defendant [Black] and his agents are permanently enjoined from maintaining livestock on the property until such time that the Defendant constructs and maintains a fence up to commercial standards between the property as described in the [November 20th order]." The trial court found that Stefanko's request that an injunction permanently enjoining Black from raising pigs on his property should be made to "run with the land" was "overbroad" when considering the language of the November 20th order, and "the doctrine that perpetual restrictions against free use of land are not favored." The trial court noted that in enforcing the visiting judge's November 20th order, it was "utiliz[ing] an interpretation which will effectuate its purpose and meaning while encumbering the land in the least restrictive manner."
Stefanko appeals from the trial court's order.
 II
Stefanko's sole assignment of error states:
 THE TRIAL COURT ERRED IN UTILIZING APPELLANT'S MOTION FOR JUDGMENT FOR SPECIFIC ACTS AS A MEANS OF INTERPRETING THE VISITING JUDGE'S DECISION WHICH HAD NOT BEEN APPEALED BY EITHER PARTY.
Stefanko argues that the trial court erred by "interpreting" the visiting judge's November 20th order, because the order is unambiguous, and therefore not in need of any interpretation. Stefanko contends that under the plain meaning of the order's language, Black is required either to construct a commercial-grade fence, or to remove the pigs permanently from his property, within 60 days of the date of the order's issuance. Stefanko further contends that if Black chooses the "removal" option, his choice must be "permanent." In other words, Black is not permitted to construct the fence at some point after the 60-day period has expired, so that he can, once again, raise pigs on his property. Stefanko asserts that because Black did not comply with either option within the 60-day period, the trial court erred by refusing his request for an injunction, made to "run with the land," which permanently enjoins Black, his agents, and assigns from raising livestock, especially pigs on his property, even if Black should someday construct a commercial-grade fence. We disagree.
Civ.R. 70 states in pertinent part:
 If a judgment directs a party to perform * * * any * * * specific act, and the party fails to comply within the time specified, the court may, where necessary, direct the act to be done at the cost of the disobedient party by some other person appointed by the court, and the act when so done has like effect as if done by the party.
Pursuant to the plain language of Civ.R. 70, the decision whether to "direct the act to be done at the cost of the disobedient party by some other person appointed by the court" is left to the trial court's discretion. A trial court does not abuse its discretion unless it acts in an arbitrary, unconscionable, or unreasonable manner. Quonset Hut, Inc. v. FordMotor Co. (1997), 80 Ohio St.3d 46, 47.
Critical to Stefanko's argument is that the November 20th order is unambiguously worded, and allows for no interpretation other than the one he has given it. However, in addition to Stefanko's interpretation, the order can also be interpreted in the following manner. First, the November 20th order does not require Black to make a permanent choice, within 60 days of the date of the order's issuance, between constructing a commercial-grade fence, or permanently removing the pigs. Instead, it requires Black to comply with the order within 60 days of the date of its issuance. Black may comply with the order by: (1) constructing a commercial-grade fence between the properties; or (2) removing the pigs permanently from his property. Performing one of the obligations relieves Black from performing the other. Therefore, if Black removes the pigs permanently from his property, he no longer is obliged to construct the commercial-grade fence. Conversely, if he constructs the commercial-grade fence, he is no longer obliged to remove the pigs permanently from his property. In order for Black to be in a state of compliance with the November 20th order, he needs only to comply with one of the two options. The language of the November 20th order can support either interpretation, and, therefore, is ambiguous.
The interpretation of the November 20th order set forth above is superior to the one offered by Stefanko, because Stefanko's interpretation unreasonably prevents Black from engaging in a lawful use of his land. Because the trial court's interpretation of the November 20th order is consistent with the interpretation we have set forth above, the trial court did not abuse its discretion by overruling Stefanko's request that Black be permanently enjoined from raising pigs on his property, even if he should someday construct a commercial-grade fence between his property and Stefanko's.
Stefanko cites Sheldon v. Flinn (1993), 89 Ohio App.3d 490 in support of his contention that the trial court improperly interpreted the November 20th order. However, Sheldon is distinguishable, since it did not, like the case before us, concern a trial court's interpretation of a previous order issued by a visiting judge, but, instead, concerned the trial court's interpretation of a deed that was submitted to the appellants (the Flinns) by the appellees (the Sheldons) after the trial court had issued an order requiring the Flinns to convey an easement to the Sheldons. The Sheldon court stated that the trial court did not have the authority, by virtue of the Sheldon's Civ.R. 70 motion, "to interpret a deed." Id. at 493. Regrettably, the Sheldon
court did not provide any reason for that conclusion. Id. at 493. Nevertheless, the circumstances involved in the case before us are substantially different from those present in Sheldon. Here, the document whose meaning was at issue was the very order Stefanko was seeking to enforce, not a document that was tangential to that order. Furthermore, the document was ambiguous. The trial court could not mete out any relief to Stefanko without interpreting the November 20th order. Thus, we find that Sheldon is not controlling here.
Stefanko cites Freeman v. Freeman (Dec. 16, 1997), Franklin App. No. 97APF05-706, unreported, for the proposition that Civ.R. 70 is not to be used as a substitute for a Civ.R. 60(B) motion for relief from judgment, Stefanko asserts that the trial court's interpretation of the November 20th order essentially amounted to a modification of the November 20th order. We disagree. For the reasons previously stated, the November 20th order was ambiguously worded, and allowed for more than one interpretation. The interpretation adopted by the trial court is consistent with the language used in that order, and is more reasonable than the one urged upon us by Stefanko; thus, the trial court did not abuse its discretion in adopting it.
The trial court's original, November 20th order clearly gave Black an option; he could remove his pigs, or he could build a suitable fence. The relief sought by Stefanko seeks to deprive Black of that option. In its discretion, the trial court might have deprived Black of the option available to him under the original order as a remedial sanction for Black's failure to have complied with the order in a timely fashion. In doing so, however, the trial court would have been doing more than simply enforcing its original order in accordance with its terms, since it would have been taking away from Black the option available to him under the original order. In any event, we cannot say that the trial court's having declined to deprive Black of the option that was available to him under the terms of the original order amounted to an abuse of the trial court's discretion.
Stefanko's sole assignment of error is overruled.
 III
Stefanko's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, J., concurs in judgment with opinion:
YOUNG, J., dissents.