JOURNAL ENTRY AND OPINION
Nestle USA, Inc. appeals from a default judgment entered by the Common Pleas Court for failure to produce records and a witness for deposition in connection with William Wagner's termination from Nestle and subsequent claims for age and handicap discrimination in violation of Chapter 4112 of the Revised Code. Nestle complains on appeal that the trial court abused its discretion when it entered a default judgment in favor of Mr. Wagner and denied Nestle's motion for reconsideration. After a review of the facts and the law, we affirm the decision of the trial court.
Since the focus of this appeal is the default motion, we will concentrate on that portion of the record. The record indicates Mr. Wagner had a difficult time extracting compliance with discovery deadlines from Nestle. On November 20, 1998, the court held a pretrial and ordered Nestle to produce paper discovery by December 4, 1998. Thereafter, on January 8, 1999, the court conducted a hearing on Mr. Wagner's motion to compel discovery. The court learned that Nestle still had not complied with its November 20, 1998 order and put Nestle on notice that it intended to enforce its discovery orders to the extent of entering default. Thereafter, on March 15, 1999, the court conducted a default hearing with respect to financial statements, the deposition of Camille Starrett, the Executive Vice-President of Human Resources, and responses to Mr. Wagner's third request for production of documents. Thereafter, on March 24, 1999, the court entered default against Nestle and in favor of Mr. Wagner. Nestle filed a motion for reconsideration, which the court denied, and the case proceeded to trial on the issue of damages. Nestle appeals from the default judgment and asserts two assignments of error which state:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ENTERING A DEFAULT JUDGMENT AGAINST DEFENDANT-APPELLANT.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT DEFENDANT-APPELLANT'S MOTION FOR RECONSIDERATION.
Nestle argues the trial court abused its discretion when it granted a default judgment in Mr. Wagner's favor on his claims of age and handicap discrimination. Mr. Wagner counters the court properly granted a default judgment because Nestle blatantly disregarded the rules of discovery and numerous court orders. Thus, the issue here concerns the propriety of the court's order in this case.
We begin by noting "[t]he term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Further, Civ.R. 37(B)states, in pertinent part:
 (2) If any party * * * fails to obey an order to provide or permit discovery, * * * the court * * * may make such orders in regard to the failure as are just, and among others the following:
* * *
(c) An order * * * dismissing the action * * *."
The court in Quonset Hut, Inc. v. Ford Motor Co. (1997),80 Ohio St.3d 46, stated:
 Among the factors to be considered by the trial judge in determining whether dismissal under Civ.R. 37 is appropriate is the tenet that "disposition of cases on their merits is favored in the law."
* * *
 Indeed, this court has stated that "judicial discretion must be carefully — and cautiously — exercised before this court will uphold an outright dismissal of a case on purely procedural grounds."
* * *
 Despite the heightened scrutiny to which dismissals with prejudice are subject, this court will not hesitate to affirm the dismissal of an action when "`the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.'"
* * *
(Citations omitted.)
In the instant case, the record is replete with examples of Nestle's flagrant disregard of the discovery rules and the court's orders. The court gave Nestle ample opportunity to comply with its orders and put it on notice that it would enter a default judgment, which it, in fact, did. Although a very stringent sanction, we cannot conclude the court abused its discretion when it granted default judgment in favor of Mr. Wagner. Accordingly, Nestle's assignments of error are overruled, and the judgment of the trial court is affirmed.
It is ordered that appellee/cross-appellant recover of appellant/cross-appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________ JAMES J. SWEENEY, JUDGE:
KENNETH A. ROCCO, P.J., and ANNE L. KILBANE, J., CONCUR.