OPINION
Delta Plating, Inc. appeals a judgment of the Court of Common Pleas of Stark County, Ohio, granted in favor of plaintiff Theodore N. Kourouniotis on his claim for Workers' Compensation benefits. Appellants assign three errors to the trial court:
ASSIGNMENTS OF ERROR
 ASSIGNMENT OF ERROR I
 THAT THE MOTIONS' COURT ERRED IN GRANTING JUDGMENT AND SANCTIONS TO THE APPELLEE BEFORE THE SEVEN DAY PERIOD ALLOTED [SIC] FOR A RESPONSE UNDER RULE 55 HAD EXPIRED.
 ASSIGNMENT OF ERROR II
 THAT THE MOTIONS' COURT ERRED IN PROCEEDING WITH THE MOTION FOR JUDGMENT WHEN THE APPLICANT FAILED TO SERVE A NOTICE OF HEARING AS PROVIDED UNDER THE RULES AND THERE IS NO EVIDENCE. THAT THE RESPONDENT WAIVED HEARING.
 ASSIGNMENT OF ERROR III
 A DEFAULT JUDGMENT WHICH WAS SIGNED AND ENTERED THROUGH MISTAKE OR INADVERTANCE [SIC] OR WHEN IT IS NO LONGER EQUITABLE THAT THE JUDGMENT SHOULD HAVE PROPSECTIVE [SIC] APPLICATION (BECAUSE OF LACK OF THE REQUIREMENTS OF TIME), OR FOR ANY OTHER REASON JUSTIFYING RELIEF FROM JUDGMENT, MAY BE SET ASIDE IN ACCORDANCE WITH RULE 60 (B).
The record indicates appellee filed the Workers' Compensation claim, alleging occupational asthma. Appellee's employer appealed the allowance of this claim and the district hearing officer determined the claim was barred. The case proceeded through the Workers' Compensation procedure, and ultimately appellee filed an appeal to the court of common pleas.
While the case was pending in the trial court, the parties exchanged discovery requests. Appellant states that because the parties were attempting to settle the case, appellant did not pursue discovery, in an effort to save expenses. The matter became bogged down, and no settlement was reached.
Appellee had submitted his first set of interrogatories and requests for production of documents on or about May 21, 2001. On August 3, 2001, appellee filed a motion to compel discovery, even though, appellant asserts, appellee was aware that appellant's counsel would be out of the country from August 4 until August 27, 2001. When appellant failed to respond to the motion to compel, the trial court entered an order on August 22, 2001, finding appellant had not responded, and allowing it ten additional days to file its response.
On September 6, 2001, appellant submitted its reply to the first set of interrogatories, but on the same day, appellee filed his motion for sanctions and judgment. In a subsequent notice on September 12, 2001, appellee stated some of appellant's answers were not responsive to appellee's questions.
The trial court entered a judgment on September 14, 2001, directing appellant to respond to appellee's first set of interrogatories, to which appellant asserts it had already responded. On September 27, 2001 appellee moved for judgment. Appellant responded to the motion on October 4, 2001, but the trial court had already granted judgment to appellee, allowing his Workers' Compensation claim and granting attorney fees. The court entered the judgment on September 28, 2001, one day after the motion for judgment, and without a hearing.
 I II
Civ.R. 55 (A) states:
(A) Entry of judgment
 When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.
Appellant urges that pursuant to the rule, because it had appeared in the action, the court should have allowed at least seven days after appellee filed its motion on September 27, 2001, and then conducted a hearing before entering judgment.
Appellee responds Civ.R. 37 and 41 provide a court may sanction a party who fails to provide or permit discovery, including dismissing the action or proceeding, or rendering a default judgment against the party who is in non-compliance.
In Quonset v. Ford Motor Company (1997), 80 Ohio St.3d 46, the Supreme Court held:
 For the purposes of Civ.R. 41 (B)(1), counsel had notice of an impending dismissal with prejudice for failure to comply with the discovery order when counsel had been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal.
Syllabus by the court.
Appellee urges appellant had received the motion to compel, the motion for sanctions, and the motion for judgment, and should have been aware there was a possibility the trial court would grant appellee's motion for judgment.
On August 22, 2001, the court granted appellee's motion to compel, and stated although it would not assess sanctions against appellant at that time, failure to comply with the order to compel could result in sanctions.
On September 14, 2001, the trial court entered a judgment on the appellee's motion for sanctions and judgment. In the judgment entry, the court stated it would abstain from granting an award in favor of appellee, but ordered appellant to respond to the first set of interrogatories within ten days. The court also noted failure to comply with the order could result in further sanctions.
Appellee states the above was sufficient notice to appellant that the court was contemplating entering a judgment in favor of appellee.
We find the trial court did not state that failure to comply would result in judgment on the merits being entered in favor of appellee, and so we conclude the trial court did not give sufficient notice in compliance with Quonset Hut, supra. Further, we find the trial court should have afforded appellant seven days before conducting a hearing, rather than, as it did here, ruling on the motion the day after the motion to dismiss was made, and without a hearing. Because it entered judgment the day after the motion was filed, the court failed to give appellant reasonable opportunity to defend as required by Quonset Hut.
The first and second assignments of error are sustained.
 III
In its third assignment of error, appellant urges the court should have set the judgment aside pursuant to Civ.R. 60 (B).
We find no such motion listed on the trial court's docket, and in light of our ruling on I and II, we find this assignment is moot.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By GWIN, J., HOFFMAN, P.J., and FARMER, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.