OPINION
{¶ 1} Plaintiff Leo G. Kohls, Sr. appeals a judgment of the Court of Common Pleas of Perry County, Ohio, which dismissed his complaint.
 {¶ 2} In December 2001, appellant filed a complaint in the Perry County Court of Common Pleas, seeking a writ of mandamus, a writ of quo warranto, and a motion to appoint a special prosecutor to pursue the issues raised. The complaint named as party defendants numerous New Lexington City officials and former officials. New Lexington responded with a motion for definite statement, motion to strike, and motion to separately number paragraphs. The motions alleged the complaint was unintelligible, and contained broad and conclusory statements of criminal activity against various named and unnamed persons. The complaint did not comply with the Civil Rules.
 {¶ 3} The trial court sustained the motion for more definite statement and motion to strike, and directed appellant to clarify his allegations. The court also ordered immaterial, impertinent, and scandalous material be stricken, and ordered appellant to refrain from including such material in his future filings.
 {¶ 4} Appellant filed a second and third complaint.
 {¶ 5} Appellees responded with an amended motion to dismiss, a motion to strike, and/or motion for definite statement. The motion to dismiss argued the appellant had not complied with the court's previous orders regarding the content and format of his complaint, and challenged the court's jurisdiction to entertain a petition for writ of quo warranto. The motion to dismiss pointed out appellant has not set forth any basis for a clear legal duty in support of his mandamus claim, and raised various immunity issues on behalf of the various defendants.
 {¶ 6} The trial court granted the motion to dismiss on December 13, 2002, and this appeal ensued.
 {¶ 7} Civ.R. 8 sets forth the general guideline for pleadings. It provides any pleading which sets forth a claim for relief must contain a short and plain statement of the claim showing the party is entitled to the relief, and also a demand for judgment for the relief to which the party claims to be entitled.
 {¶ 8} Pursuant to Civ.R. 12, if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before filing his response. The motion shall point out the defects complained of and the details desired. The rule provides if the court's sustains the motion and the order of the court is not obeyed within fourteen days after notice of the order, or within such other time as the court may set, the court may strike the pleading which the motion was directed or make such order as it deems just.
 {¶ 9} Civ.R. 12 also permits the court, either on motion of a party or sua sponte, order stricken from any pleading any insufficient claim or defense, or redundant, immaterial, impertinent, or scandalous matters.
 {¶ 10} Pursuant to Civ.R. 41, the court may dismiss an action for failure to prosecute where the plaintiff fails to comply with the Civil Rules or court orders.
 {¶ 11} As appellees correctly state, our standard of reviewing this decision is the abuse of discretion standard, see Quonset Hut, Inc.v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 684 N.E.2d 319. The Supreme Court has repeatedly defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary, or unconscionable, Id. citations deleted.
 {¶ 12} We find the trial court did not abuse its discretion in directing appellant to re-draft his complaint to comply with the Civil Rules. Because appellant failed to do so, the trial court was warranted in dismissing the action.
 {¶ 13} Each of appellant's assignments of error is overruled in whole.
 {¶ 14} For the foregoing reasons, the judgment of the Court of Common Pleas of Perry County, Ohio, is affirmed.
Judgment affirmed.
Farmer and Wise, JJ., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Perry County, Ohio, is affirmed. Costs to appellant.