OPINION
{¶ 1} On August 12, 2000, Robert Pollock died. His will was admitted to probate and his surviving spouse, D. Lemoyne Pollock, was the sole beneficiary. On July 15, 2001, Mrs. Pollock died. Her will was admitted to probate on October 19, 2001. The will listed the sole beneficiary as her surviving spouse; contingent beneficiaries were her two daughters, appellants, Nancy Gay Rose and Terry Ruckman.
 {¶ 2} On December 31, 2001, appellees, Laurie and Tom Tingley, daughter and son-in-law of appellant Ruckman, filed a will contest and complaint for damages and declaratory and injunctive relief. Appellees contested a purported inter vivos transfer of real and personal property from the Pollocks to appellants, and made allegations of undue influence, breach of fiduciary duty, fraudulent conversion, fraudulent misrepresentation and conspiracy to defraud and unduly influence.
 {¶ 3} Several discovery motions were filed between the parties. On October 23, 2003, appellees filed a motion for sanctions against appellants for their failure to produce documents as ordered by the trial court on July 11 and September 16, 2003. By journal entry filed October 29, 2003, the trial court found appellants acted in bad faith, and granted default judgment to appellees. The trial court also dismissed appellants' counterclaim with prejudice.
 {¶ 4} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The trial court erred, as a matter of law, in denying defendant-appellants' motion to dismiss counts one, two, three, four, five and six of the complaint, as it relates to the wills of Robert K. Pollock and D. Lemoyne Pollock, admitted to probate for the reason that the probate court had no jurisdiction to decide validity of the wills that had not been admitted to probate, and as to decide validity of testators' inter vivos transfer unrelated to administration of the estates; the only question properly before the court is the validity of the will of D. Lemoyne Pollock admitted to probate."
 II {¶ 6} "The trial court erred, as a matter of law, in denying defendant-appellants' motion to dismiss count six of the complaint contesting the validity of the will of Robert K. Pollock admitted to probate, for the reason that plaintiff-appellees lack standing to maintain an action to contest either the will of Robert K. Pollock, dated May 28, 1999, admitted to probate or the will, dated November 14, 1997, which the plaintiff-appellees claim to be the last will of Robert K. Pollock, for the reason that Plaintiff-Appellees have no interest in the estate of the testator, as a next of kin or a beneficiary under either will."
 III {¶ 7} "The trial court erred, as a matter of law, denying appellants' motion to dismiss appellees' declaratory action, counts one, two, thrree, four and five of the complaint, for failure to state a claim upon which relief may be granted for the reason the allegations of the complaint show plaintiff-appellees have no present, direct, pecuniary interest in the property of Mr. and Mrs. Pollock as a next of kin or beneficiary under the wills admitted to probate, required by RC 2721.03 and RC2721.05."
 IV {¶ 8} "The trial court erred, as a matter of law, in granting default judgment against appellants as a sanction pursuant to Civ.R. 37(B)(2)(C) without notice and a hearing on the motion for sanctions required by Civ.R. 55(A) and CIV.R. 37(A)."
 V {¶ 9} "The trial court erred, as a matter of law, by dismissal of defendant-appellants' counter claims, with prejudice, and granting a default judgment, as sanction pursuant to Civ.R. 37(B)(2)(C) without giving defendant-appellants prior notice of its intent to grant default judgment or dismiss the counter claims for non-compliance with its discovery order and by failure to comply with the notice requirement of CIV.R. 41(B)(1) and CIV.R. 6(D)."
 VI {¶ 10} "The trial court granting to a plaintiff-appellees a default judgment and dismissal of defendant-appellants' counter claims, with prejudice, as a CIV.R. 37(B)(2)(C) extreme sanctions is unjust and an abuse of discretion when the record does not show willfulness or bad faith on the part of defendant-appellants."
 IV, V, VI {¶ 11} We will address these assignments of error first and jointly because they are dispositive of the appeal. Appellants claim the trial court erred in granting default judgment against them and dismissing their counterclaim for a discovery violation. Appellants also claim the trial court erred in not affording them a hearing on the motion for default judgment, and by granting said motion six days after its filing. We agree.
 {¶ 12} Appellees requested discovery sanctions pursuant to Civ.R. 37(B)(2) which state as follows:
 {¶ 13} "(2) If any party or an officer, director, or managing agent of a party or a person designated under Rule 30(B)(5) or Rule 31(A) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (A) of this rule and Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
 {¶ 14} "(a) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
 {¶ 15} "(b) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;
 {¶ 16} "(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
 {¶ 17} "(d) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;
 {¶ 18} "(e) Where a party has failed to comply with an order under Rule 35(A) requiring him to produce another for examination, such orders as are listed in subsections (a), (b), and (c) of this subdivision, unless the party failing to comply shows that he is unable to produce such person for examination.
 {¶ 19} "In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court expressly finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."
 {¶ 20} On July 11, 2003, the trial court granted appellees' motion to compel as follows:
 {¶ 21} "The Court ORDERS that the Plaintiffs motion to compel the Defendants' response to the Plaintiffs' request for production of documents is GRANTED, and it is further ORDERED that the Plaintiffs shall amend their Journal Entry submitted to the Court with the motion to compel filed on March 28, 2003 by adding a reference to and attaching the summary of documents the Defendants shall produce as discussed in the Status Conference."
 {¶ 22} On September 16, 2003, the trial court granted another of appellees' motions to compel, ordering appellants to provide to appellees copies of the requested documents or allow appellees to remove the documents for copying by September 22, 2003. The trial court also ordered appellants to pay appellees $750 for their failure to comply with the court's previous order to produce the documents.
 {¶ 23} Neither of the trial court's entries contained language notifying appellants that failure to comply would result in default judgment to appellees and/or dismissal of the counterclaim. We note the default judgment and dismissal of the counterclaim was with prejudice.
 {¶ 24} In Quonset Hut, Inc. v. Ford Motor Co. (1977),80 Ohio St.3d 46, syllabus, the Supreme Court of Ohio explicitly stated, "For purposes of Civ.R. 41(B)(1), counsel has notice of an impending dismissal with prejudice for failure to comply with a discovery order when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." This court has also addressed the issue of notice in Steel v. Lewellen (May 16, 1996), Fairfield App. Nos. 95CA53 95CA54, and Strayer v. Szerlip, Knox App. No. 01CA28, 2002-Ohio-1577. In both of these cases, notice of possible dismissal was given even though it was only implicitly given.
 {¶ 25} In this case, the trial court did not implicitly or explicitly warn appellants nor give them any notice. Further, Civ.R. 6(D) mandates that a motion and a "notice of the hearing thereof shall be served not later than seven days before the time fixed for the hearing * * *." The trial court ruled on the motion for default six days after it was filed, without hearing.
 {¶ 26} Based upon the clear language of Quonset Hut and Civ.R. 6(D), we find the trial court erred in granting the default judgment and dismissing the counterclaim. The trial court's October 29, 2003 judgment entry is vacated and the matter is remanded to the trial court for a hearing on the issue of failure to comply with discovery orders.
 {¶ 27} Assignments of Error IV, V and VI are granted.
 I, II, III {¶ 28} Based upon our rulings in Assignment of Error IV, V and VI, we find these assignments of error to be premature.
 {¶ 29} The judgment of the Morrow County Court of Common Pleas, Probate Division is hereby vacated and remanded.
Farmer, J., Hoffman, P.J. and Edwards, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Morrow County, Ohio, Probate Division is vacated and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellees.