{¶ 59} I must respectfully dissent. It is a basic tenet of Ohio law that cases should be decided on their merits.[5]
In this matter, the trial court, without warning, has dismissed a significant action due to the failure of one party to comply with discovery. Thus, form has triumphed over substance. While the court clearly has the authority to dismiss an action for failure to comply with discovery, that authority is not unlimited.
 {¶ 60} It is important to note that this entire lawsuit concerns the denial of participation in the Workers' Compensation Fund for a requested additional condition. Therefore, appellant already has an allowed injury claim and is seeking an additional allowance. In short, she is a disabled worker. As such, it is clear that when the Administrator resists such an additional allowance claim and, pursuant to R.C. 4123.53(A), requests an independent medical examination, the claimant is entitled to be paid her "necessary and actual expenses on account of the attendance for the medical examination."[6]
 {¶ 61} The record is clear that appellant lives in Florida, and even offered to be examined in Florida. It is a quantum leap for the trial court to conclude that appellant's legitimate insistence on being paid for her travel expenses from one state to another "appears to be causing undue delay in this case."
 {¶ 62} Secondly, the trial court appears to have misread its own local rule. In Lake County there is an admirable local rule designed to move cases and force lawyers to attempt to work out their differences prior to invoking sanctions from the trial court. In any discovery dispute where there is "opposition" to the requested discovery, counsel is REQUIRED to attempt to resolve the impasse before requesting court involvement and to include a recitation of such attempts in any motion to compel.[7] Curiously, the trial court found that "[t]he motion to compel did not include any evidence of attempted correspondence to resolve the differences regarding time and place for the Rule 35 examination"; and then went on to explain that the rule did not apply. I would respectfully disagree. In so doing, the trial court has ignored its own local rules and has summarily dismissed a lawsuit without ever inquiring into the merits of appellant's recalcitrance.
 {¶ 63} It is arguable that appellant was right when she resisted traveling one thousand miles at her own expense for a medical examination that could readily have been performed in her home town. However, that is not the issue before this court. What is at issue is the trial court's requirement to find some level of contemptuous action prior to dismissal of an action. In his dissenting opinion in Quonset Hut, Inc., Justice Douglas quotedLogsdon v. Nichols, "`the dismissal of a case with prejudice is a harsh remedy and, before such a dismissal is proper, a court must first expressly and unambiguously give notice of its intention to dismiss with prejudice giving the party one last chance to obey the court's order.'"[8]
 {¶ 64} The outcome in this case does not make any sense. Appellant was clearly "opposing" the medical examination as evidenced by the fact that a motion to compel was thought to be necessary. Yet, rather than enforce its own rules, which are designed to encourage lawyers to play well with others, the court ignored a rule violation by one, and dropped the sword of Damocles on the neck of the other. It makes no sense.
 {¶ 65} Cases should be heard on their merits. Procedural defects, while annoying, cannot be elevated above substance. Therefore, based on the foregoing, I respectfully dissent.
[5] Quonset Hut, Inc. v. Ford Motor Co. (1997),80 Ohio St.3d 46, 48.
[6] R.C. 4123.53(A).
[7] Loc.R. V.(D) of the Court of Common Pleas of Lake County, General Division.
[8] Quonset Hut, Inc., 80 Ohio St.3d at 50, (Douglas, J., dissenting), quoting Logsdon v. Nichols (1995),72 Ohio St.3d 124, 125-126.