**DRENNEN, Appellee,**

v.

**HEINONEN et al., Appellees; Brown Memorial Hospital et al., Appellants.**

[Cite as *Drennen v. Heinonen* (2001), 146 Ohio App.3d 214.]

Court of Appeals of Ohio,
Eleventh District, Ashtabula County.

No. 2000–A–0066.

Decided Sept. 28, 2001.

*Nicholas A. Iarocci,* for appellee.

*Kenneth L. Piper,* for appellees Lee W. Heinonen, Jr., and Vicki S. Heinonen.

*Gary L. Coxon, pro se,* appellee.

*Thayer & Naylor* and *Walter E. Thayer, pro se,* for appellees Walter E. Thayer, Cooper Furniture, and Peterson Oil Co., Inc.

*Cooper & Forbes* and *Glenn E. Forbes,* for appellants.

---

GRENDELL, Judge.

Appellants, Brown Memorial Hospital and State Credit, Inc. ("appellants"), appeal from the judgment of the Ashtabula County Court of Common Pleas awarding attorney fees to opposing counsel when appellants failed to attend a scheduling conference.

Appellants are defendants in a foreclosure complaint. The trial court set a scheduling conference for August 21, 2000. The notice did not state that attendance at the conference was mandatory for appellants or their attorneys. Neither appellants nor their counsel appeared for the scheduling conference. On September 1, 2000, the trial court issued a judgment entry setting forth the various dates for the litigation. The entry stated that attorneys must be present for the pretrial conference. That same day, the trial court issued another judgment entry stating that it was impossible to conduct the scheduling conference in the absence of appellants or their attorneys. The court ordered appellants to pay $75 to each of the opposing counsel for reasonable attorney fees incurred by their clients. The trial court ordered appellants to attend a show-cause hearing. Appellants have appealed from this ruling.

In their assignment of error, appellants contend that the trial court could not summarily punish them for not attending the scheduling conference. Appellants argue that, in the absence of any provision in the local rules providing for sanctions, the trial court lacked the authority to impose a fine for failure to attend. Appellants point out that Case Management Loc.R. 6(B) does not mandate the appearance of counsel at a scheduling conference. Appellants further posit that, although the trial court did not use the term "contempt" in its judgment entry, the sanctions clearly were punishment for indirect contempt, requiring notice and a hearing.

In *Turner & Melamed v. Kurzawa* (Sept. 19, 1986), Lake App. No. 11–132, unreported, 1986 WL 10929, this court vacated a trial court's order of sanctions imposed following the defendant and her counsel's failure to attend a pretrial hearing. This court noted that there was no provision in the local rules for the imposition of sanctions against a party failing to appear for a pretrial. The court stated that neither party had pointed out any proposition showing that the trial court possessed the inherent power to grant sanctions wherein one party is ordered to pay another party's reasonable expenses.

Similarly, in *Ashtabula Cty. Med. Ctr. v. Douglass* (June 3, 1988), Ashtabula App. No. 1331, unreported, 1988 WL 59836, appellant's counsel did not appear for a garnishment hearing. The trial court issued a contempt notice, held a hearing, and found the attorney in contempt. This court held that the attorney could not be held in contempt absent a specific order to attend or a local rule of court mandating attendance.

In *Turner v. Boyrdkdar* (June 17, 1999), Cuyahoga App. No. 75235, unreported, 1999 WL 401385, the Eighth District Court of Appeals reversed fines imposed by the trial court for the failure of both parties to attend a settlement conference. Although the court sympathized with the trial court's inherent right to control its courtroom, it observed that the local rules did not provide for sanctions in this situation. See, also, *In re Contempt of Kuby* (Aug. 19, 1999), Cuyahoga App. Nos. 74602 and 74712, unreported, 1999 WL 632909.

In the instant case, the local rules neither require the parties or their representatives to attend, nor provide for monetary sanctions to be imposed for the failure to attend a scheduling conference. Further, the record reflects that the trial court did go ahead and set the schedule on August 21, 2000, bringing into question its statement that it was impossible to proceed in appellants' absence. There is no provision in the local rules providing for the imposition of sanctions in this situation. Also, the trial court did not specifically order the parties' attendance at the scheduling conference. Although we understand the trial court's frustration caused by appellants' cavalier attitude toward the case, and we cannot condone appellants' behavior, the trial court exceeded its authority by imposing a monetary sanction for appellants' failure to attend the scheduling conference. We also note that the trial court's judgment entry states that appellants' cross-claims would be dismissed if appellants failed to show good and sufficient cause explaining their failure to attend the scheduling conference. Although the record does not reflect that the trial court dismissed the cross-claims, the harsh sanction of dismissal of a claim should be reserved for cases where the parties' conduct evidences a complete disregard for the judicial system or the rights of the opposing party. Absent such circumstances, a trial court should first consider lesser sanctions before dismissing a case with prejudice. *Marinucci v. Rondini* (Dec. 1, 2000), Lake App. No. 2000–L–002, unreported 2000 WL 1774145. Appellants' assignment of error is well taken. The judgment of the Ashtabula County Court of Common Pleas is reversed.

*Judgment reversed.*

WILLIAM M. O'NEILL, P.J., and NADER, J., concur.