OPINION
{¶ 1} Plaintiff-appellant, Gordon Food Services, Inc. ("appellant"), appeals from the denial of its request for attorney's fees by the Willoughby Municipal Court.
{¶ 2} On September 10, 2001, appellant filed a complaint on account, alleging defendants-appellees, Pamela Bystry and Tamara Miller, d.b.a. Kleifelds Restaurant, owed appellant the sum of $2,069.67, plus interest, under an open account contract for goods and merchandise delivered to Kleifelds Restaurant. Appellant requested collection expenses, including attorney's fees, as provided for in the contract between the parties. Appellees did not answer the complaint.
{¶ 3} On October 18, 2001, appellant filed a motion for summary judgment. Appellant argued it was entitled to judgment in its favor upon the open account for goods and merchandise sold to appellees and for collection expenses, including attorney's fees. Appellees filed no response to the motion for summary judgment. On November 30, 2001, the trial court granted appellant's motion for summary judgment, awarding appellant $2,069.67, plus interest. The trial court entered judgment for the attorney's fees in an amount to be determined upon hearing. The judgment entry stated that a hearing on attorney's fees was set for December 18, 2001. There is no mention that attendance at the hearing was mandatory or that no attorney's fees would be granted if appellant did not appear.
{¶ 4} On December 17, 2001, appellant filed an affidavit in support of its summary judgment motion. In the affidavit, appellant's attorney averred her fee for handling the case was $750. Appellant's attorney stated appellant waived the oral hearing scheduled for the next day. On December 19, 2001, the magistrate issued its report, stating that all parties had failed to appear for the hearing on the amount of attorney's fees to be awarded. The magistrate granted no attorney's fees to appellant because appellant did not appear for the hearing to provide evidence in support of its motion. The trial court adopted the magistrate's report on December 20, 2001.
{¶ 5} On December 26, 2001, appellant filed objections to the magistrate's report. Appellant contended that the affidavit filed on December 17, 2001, provided evidence to the magistrate of the amount of attorney's fees which should be awarded in this case. The trial court overruled the objections on January 3, 2002.
{¶ 6} Appellant raises the following assignment of error for review and disposition:
 {¶ 7} "The trial court erred as a matter of law in adopting the Magistrate's decision finding that Plaintiff Gordon Food Service, Inc., appellant herein, failed to appear and provide evidence on the issue of attorneys fees."
{¶ 8} In its sole assignment of error, appellant contends it submitted unopposed affidavits regarding the fee agreement, the customary hourly rate, the length of time spent on the case by the attorney, the reasonableness of the attorney's fee, and the professional experience of its attorney. Appellant argues the trial court was not required to hold an evidential hearing before awarding attorney's fees if sufficient evidence regarding those fees was before the court to permit a determination. Appellant maintains that the uncontroverted evidence set forth in the affidavits was sufficient to support a fee award.
{¶ 9} Appellant is correct in that a trial court is not required to hold an evidential hearing before awarding attorney's fees. The trial court must have some evidence before it regarding the reasonableness of the requested attorney's fees. Evidence can be sufficient to permit a determination if it is presented by way of testimony, deposition, affidavit or otherwise in the absence of a full hearing on the matter. An evidentiary hearing is necessary only if there is conflicting evidence.Oakwood Management Co. v. Young (Oct. 27, 1992), 10th Dist. No. 92AP-207, 1992 Ohio App. LEXIS 5598. If the prevailing party presents evidence showing the attorney's fees are reasonable and the opposing party submits no evidence on this issue, then the uncontroverted evidence is sufficient to support a fee award in the amount requested. Aero Framev. Domestic Linen Supply Laundry Co. (Mar. 19, 1999), 4th Dist. No. 98CA660, 1999 Ohio App. LEXIS 1232.
{¶ 10} Appellant presented the affidavit of its attorney setting forth her fee and the reasonableness of the fee. Appellees did not submit any contrary evidence. The trial court was not required to hold an evidentiary hearing before determining the reasonableness of the attorney's fees in this case.
{¶ 11} However, the issue in this case is appellant's failure to attend a hearing which was scheduled by the trial court. The trial court refused to award attorney's fees because appellant failed to attend the hearing and present evidence on the issue. In essence, the decision was akin to a sanction against appellant for not attending the hearing. The trial court's denial of the attorney's fees was tantamount to a dismissal, with prejudice, of appellant's claim for attorney's fees as provided for in the contract between the parties. The trial court already had entered judgment that appellant was entitled to the fees, but ultimately did not award attorney's fees based upon appellant's failure to attend the hearing set to determine the amount of fees to which appellant was entitled.
{¶ 12} A trial court can dismiss a party's claim if the plaintiff fails to prosecute, comply with the civil rules, or comply with a court order. Civ.R. 41(B). The decision whether to dismiss a case or cause of action is discretionary with the trial court. Quonset Hut, Inc. v. FordMotor Co. (1997), 80 Ohio St.3d 46, 49. Before doing so, the trial court must give notice to the plaintiff's counsel. Id. This notice requirement is absolute and is intended to allow the party a reasonable opportunity to defend against the dismissal. Hillabrand v. Drypers Corp. (2000),87 Ohio St.3d 517. A trial court abuses its discretion by dismissing a claim without prior notice to the party. Svoboda v. Brunswick (1983),6 Ohio St.3d 348, 350. The dismissal of a case or cause of action should be reserved for extreme cases in which the conduct of the party is so negligent, irresponsible, contumacious, or dilatory as to provide substantial grounds supporting the decision. Schreiner v. Karson (1977),52 Ohio App.2d 219, 223.
{¶ 13} As stated above, the trial court's action amounted to a dismissal of appellant's claim for attorney's fees, as provided for in the contract between the parties, without prior notice to appellant. This sanction was too harsh for appellant's failure to attend the hearing, especially as appellant had submitted evidence on the issue prior to the hearing. Furthermore, the trial court's judgment entry failed to state that attendance at the hearing was mandatory. See, Drennen v. Heinonen,
(2001), 146 Ohio App.3d 214. The trial court's annoyance with the parties' failure to attend the hearing is understandable, but still an abuse of discretion under the circumstances.
{¶ 14} Appellant's assignment of error has merit. The judgment of the Willoughby Municipal Court is reversed and remanded for proceedings consistent with this decision.
DONALD R. FORD, J., ROBERT A. NADER, J., concur.