GRAHAM, Appellant,

v.

OHIO BOARD OF BAR EXAMINERS et al., Appellees.

[Cite as *Graham v. Ohio Bd. of Bar Examiners* (1994), 98 Ohio App.3d 620.]

Court of Appeals of Ohio,
Franklin County.

No. 94API03–377.

Decided Sept. 15, 1994.

*R. William Graham, pro se.*

*Lee Fisher,* Attorney General, and *Loren L. Braverman,* Assistant Attorney General; *Bieser, Greer & Landis* and *David C. Greer,* for appellees.

PEGGY BRYANT, Judge.

Plaintiff-appellant, R. William Graham, appeals from a judgment of the Ohio Court of Claims granting the motion to dismiss of defendants-appellees, the Ohio Supreme Court and the Board of Bar Examiners.

In July 1990, plaintiff unsuccessfully sat for the July 1990 Ohio bar examination, and thus was denied admission to the practice of law in the state of Ohio. Although plaintiff filed actions in the United States District Court for the Southern District of Ohio, Western Division, and in the Ohio Supreme Court to challenge the process employed in administering the July 1990 bar examination, plaintiff also commenced an action in the Ohio Court of Claims, seeking damages, as well as declaratory and injunctive relief, for violations of his due process rights under the Ohio Constitution and the United States Constitution as set forth in

Sections 1983 and 1985, Title 42, U.S.Code. As in plaintiff's other litigation arising out of the bar examination, plaintiff's claims focused on the scores given by one member of the Ohio Board of Examiners: plaintiff asserted that defendants negligently prepared and instructed that member of the board, who arbitrarily and capriciously denied plaintiff his due process rights, resulting in plaintiff's unsuccessful attempt to pass the bar examination.

Although plaintiff's complaint was filed against Marcia Mengel, Clerk of the Supreme Court of Ohio, in her capacity as clerk and as secretary to the Board of Bar Examiners, the Justices of the Ohio Supreme Court, individually and in their official capacities, and the members of the Ohio Board of Bar Examiners, individually and in their official capacities, the trial court by prescreening entry dated May 14, 1992, noted that under R.C. 2743.02(E), only state agencies and instrumentalities can be defendants in original actions in the Court of Claims. Thus, the trial court dismissed all parties except the Ohio Supreme Court and the Board of Bar Examiners. While the present litigation was stayed pending resolution of the various other actions plaintiff commenced, the stay was lifted on August 6, 1993; the following month, defendants filed a motion to dismiss, which the trial court converted to a summary judgment motion.

Following full briefing, the trial court granted defendants' summary judgment motion, finding that it lacked jurisdiction to consider plaintiff's claims under Sections 1983 and 1985, Title 42, U.S.Code; that defendants' actions were protected by judicial immunity; and that plaintiff failed to set forth evidence that defendants' negligence proximately caused plaintiff's damages. Plaintiff appeals, assigning the following errors:

"I. The Court of Claims committed an error as a matter of law in holding that state officers are not 'persons' for purposes of Sections 1983 and 1985 of Title 42.

"II. The Court of Claims committed an error as a matter of law in holding that any and all officers of the state whose duty it is under the law to serve the process of the court are immune under the doctrine of judicial immunity.

"III. The Court of Claims committed an error as a matter of law and fact in its finding that there was no negligence on the part of the Supreme Court of Ohio or its agents in its decision not to instruct examiner Jacobs on the basis that it was discretionary for the purpose of ensuring that such examiner approach the grading with his own judgment, and is manifestly against the weight of the evidence."

■ Plaintiff's first assignment of error asserts that the trial court erred in finding that it lacked jurisdiction over plaintiff's contentions under Sections 1983 and 1985, Title 42, U.S.Code.

Pursuant to R.C. 2743.02(E), only the state is a proper defendant in the Court of Claims; individual officers are not. Further, the state is not a "person" within the meaning of Sections 1983 and 1985, Title 42, U.S.Code. Thus, an action under those sections may not be maintained in the Court of Claims against the state. *Burkey v. S. Ohio Correctional Facility* (1988), 38 Ohio App.3d 170, 171, 528 N.E.2d 607, 608. The trial court properly determined that it lacked jurisdiction to hear plaintiff's claims under Sections 1983 and 1985, Title 42, U.S.Code.

■ Further, while plaintiff asserts that defendants were negligent in performing their responsibilities regarding the July 1990 bar examination, he in reality contends that defendants negligently violated his rights to due process under the Ohio Constitution and the Fourteenth Amendment to the United States Constitution. Because the state is liable in the Court of Claims "in accordance with the same rules of law applicable to suits between private parties," R.C. 2743.02(A)(1), plaintiff's constitutional claims present no viable cause of action to be heard in the Court of Claims. *Thompson v. S. State Community College* (June 15, 1989), Franklin App. No. 89AP–114, unreported, 1989 WL 65450. Thus, plaintiff's contentions fall outside the jurisdiction of the Court of Claims.

Plaintiff's first assignment of error is overruled.

■ Plaintiff's second assignment of error asserts that the trial court erred in concluding that defendants are immune from liability under the doctrine of judicial immunity.

In the litigation plaintiff commenced in the United States District Court for the Southern District of Ohio, Western Division, the trial court therein was required to decide "whether the decisions to deny [plaintiff] admission to the bar based upon [his] grades in the bar examination were judicial decisions made in judicial proceedings." Finding that they were, the district court determined that it lacked jurisdiction under *Dist. of Columbia Court of Appeals v. Feldman* (1983), 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206, to hear plaintiff's claim against the Board of Bar Examiners and the Ohio Supreme Court, among others.

While the specific holding of *Feldman* is not dispositive here, the district court's determination that the decision to deny plaintiff's admission was a decision made in a judicial proceeding is relevant. *Sparks v. Character & Fitness Commt. of Ky.* (C.A.6, 1988), 859 F.2d 428, certiorari denied (1989), 489 U.S. 1011, 109 S.Ct. 1120, 103 L.Ed.2d 183 (the state bar is so inherently related to the essential functioning of the courts that it must be a judicial function, even if the actor was a designee of the Justices of the Supreme Court rather than the justices themselves). See, also, *Hampton v. Tennessee Bd. of Law Examiners* (Tenn. App.1988), 770 S.W.2d 755, 757. Defendants, acting in a judicial proceeding, are

immune from suit under the doctrine of judicial immunity. Plaintiff's second assignment of error is overruled.

Plaintiff's third assignment of error contends that the trial court's determination that defendants are not liable under the allegations of plaintiff's complaint was erroneous.

While judicial immunity insulates defendants from liability for damages in the present action, it does not protect defendants from appropriate injunctive relief. Given the nature of plaintiff's complaint, however, we are unclear whether plaintiff seeks a mandatory injunction against defendants, or rather a writ of mandamus compelling defendants to take certain action concerning plaintiff's bar examination and application for admission to the bar of Ohio. While the Court of Claims has jurisdiction of an action requesting mandatory injunctive relief, it lacks original jurisdiction to issue a writ of mandamus. Nonetheless, even if we construe plaintiff's complaint to request a mandatory injunction against defendants, plaintiff's complaint fails to raise a genuine issue of material fact as to defendants' liability.

As the parties agreed in the district court litigation, to demonstrate a violation of his constitutional right to due process, plaintiff must set forth evidence creating a genuine issue of material fact that defendants failed to exercise professional judgment. See *Regents of Univ. of Michigan v. Ewing* (1985), 474 U.S. 214, 225, 106 S.Ct. 507, 513, 88 L.Ed.2d 523, 532. Indeed, in addressing that aspect of plaintiff's contentions, the district court noted that it "has found that the [single bar examiner at issue] exercised professional judgment in method by which he graded the examinations. * * * [W]ere this Court to reach the merits, it would be called upon to determine whether the July, 1990, bar examination, taken as a whole, was such a substantial departure from accepted norms that it demonstrates that professional judgment was not exercised and, consequently, that the examination was not related to the [plaintiff's] fitness to practice law." (Decision at 22–23.)

In arguing that a genuine issue of material fact exists, plaintiff relies heavily on the district court's determination that the bar examiner at issue "did not grade the exam in conformity [with] any standards set by the Ohio Supreme Court. Indeed, [the bar examiner] testified that there was no attempt * * * by the Ohio Supreme Court to have the 12 examiners apply standard criteria when grading the exam. [He] testified that the exam was graded by 12 individuals, each exercising his or her own best, independent professional judgment. Additionally, he testified that he did not understand that a score of 7.5 on an answer corresponded with minimum competency." (Finding of Fact No. 11.)

Even if we construe the foregoing in favor of plaintiff, we are unable to conclude that plaintiff has demonstrated a genuine issue of material fact concerning a violation of his due process rights. While the district court's findings may suggest that defendants could have better instructed the individual bar examiners regarding a uniform approach to grading the bar examination essays, the evidence fails to support plaintiff's contentions that defendants' failure to so instruct is tantamount to a lack of professional judgment and renders the examination results unrelated to plaintiff's ability to practice law, especially given the finding that the individual examiner plaintiff contends to be at fault was found to have exercised his professional judgment.

Given the foregoing, plaintiff's third assignment of error is overruled.

Having overruled all three assignments of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

CLOSE and McCORMAC, JJ., concur.

JOHN W. McCORMAC, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.