DECISION
{¶ 1} Plaintiff-appellant, Eric B. Pearson, appeals from a judgment of the Ohio Court of Claims dismissing plaintiff's complaint pursuant to Civ.R. 41(B). Because the trial court did not err in dismissing plaintiff's complaint, we affirm the judgment of the trial court.
{¶ 2} On January 11, 2001, plaintiff filed a complaint in the Ohio Court of Claims asserting the personnel employed with the Ohio Department of Rehabilitation and Corrections at the Mansfield Correctional Institution ("MANCI") improperly were holding his legal mail and not mailing it, apparently because plaintiff lacked the funds in his account to pay for the mailing. Contending he was indigent, plaintiff asserted he was being deprived of his constitutional right to access to the courts, and MANCI was negligently and arbitrarily mishandling his mail.
{¶ 3} On January 20, 2001, plaintiff filed a motion seeking injunctive relief based on the allegations of his complaint. MANCI responded on February 8, 2001, with a motion that plaintiff's case be dismissed because the court lacked jurisdiction over plaintiff's constitutional claims. Plaintiff, on February 9, 2001, filed a motion to amend his motion for injunctive relief and, on February 23, 2001, the trial court overruled plaintiff's motion for injunctive relief and his motion to amend.
{¶ 4} After filing a second request to amend his motion for injunctive relief, plaintiff, on March 12, 2001, filed a notice of appeal regarding the trial court's entry overruling his motion for injunctive relief. In the meantime, on March 1, 2001, the trial court granted MANCI's motion to dismiss plaintiff's constitutional claims, but overruled it as to plaintiff's allegations of negligence. On March 12, 2001, MANCI filed an answer to plaintiff's complaint; on March 13, 2001, an entry filed with the trial court indicated the clerk was holding plaintiff's notice of appeal as premature.
{¶ 5} The parties exchanged written discovery requests. Plaintiff ultimately filed a motion for sanctions, contending MANCI's responses to plaintiff's discovery requests were improper; MANCI filed a motion to dismiss premised on plaintiff's failure to respond to MANCI's interrogatories and requests for documents. On November 16, 2001, the trial court overruled plaintiff's motion for sanctions against MANCI, as well as MANCI's motion to dismiss for plaintiff's failure to prosecute. The trial court further ordered plaintiff to respond within 21 days to MANCI's discovery requests or the case would be dismissed. On the same day, plaintiff filed a motion for protective order regarding the notice of deposition he had received from MANCI.
{¶ 6} According to the record, plaintiff refused to respond to questions posed to him in his deposition, and further refused to speak with the court when the court's guidance was invoked by telephone at the deposition site. Plaintiff's recalcitrance resulted in MANCI's November 21, 2001 motion to dismiss, seeking that the case be dismissed as a sanction for plaintiff's failure to attend his deposition. Moreover, on December 14, 2001, MANCI filed a motion to dismiss pursuant to Civ.R. 41(B) for plaintiff's failure to comply with the trial court's November 16, 2001 order.
{¶ 7} On December 21, 2001, the trial court filed an entry of dismissal dismissing plaintiff's complaint pursuant to Civ.R. 41(B) for plaintiff's failure to attend his deposition.
{¶ 8} Plaintiff appeals, assigning the following errors:
{¶ 9} "I. THE LOWER COURT COMMITTED ABUSE OF DISCRETION AND PREJUDICIAL ERROR WHEN IT KNOWINGLY AND WILLINGLY BIASLY AND PREJUDICIALLY DEPRIVED AND DENIED APPELLANT'S RIGHTS TO APPEAL TO THE TENTH APPELLATE DISTRICT, COURT OF APPEALS, FOR HIS VERY NECESSARY INJUNCTION [sic] RELIEF ORDER FROM ITS DENIED JUDGMENT VIOLATING APPELLANT'S RIGHTS AFFORDED HIM UNDER THE FIRST, FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, THE OHIO CONSTITUTION, AND STATE LAW.
{¶ 10} "II. THE LOWER COURT COMMITTED ABUSE OF DISCRETION AND PREJUDICIAL ERROR WHEN IT KNOWINGLY AND WILLINGLY BIASLY AND PREJUDICIALLY DISREGARDED THE STATE DEFENDANT DELIBERATE IMPOSED PREJUDICE UPON APPELLANT AND SELF-GENERATED GAINED ADVANTAGE OVER APPELLANT BY RETALIATION IMPOSED TRANSFER PERMANENTLY DISABLING APPELLANT AND THENAFTER ISSUED A SUA SPONTE DISMISSAL ENTRY CAUSE OF ITS OWN VESTED INTEREST AND TO AID THE STATE DEFENDANT VIOLATING APPELLANT'S RIGHTS AFFORDED HIM UNDER THE FIRST, FIFTH, SIXTH, EIGHTH, ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, THE OHIO CONSTITUTION, AND STATE LAW, AND DENIED APPELLANT'S REQUESTED EVIDENTIARY HEARING AND RIGHTS TO HAVE HIS CLAIM(S) ADJUDICATED ON THE MERITS.
{¶ 11} "III. THE LOWER COURT COMMITTED ABUSE OF DISCRETION AND PREJUDICIAL ERROR WHEN IT KNOWINGLY AND WILLINGLY BIASLY AND PREJUDICIALLY DISREGARDED THE MERITS OF APPELLANT'S KNOWN MERITORIOUS MOTIONS AND PLEADINGS AND THENAFTER ISSUED A SUA SPONTE DISMISSAL ENTRY CAUSE OF ITS OWN VESTED INTEREST AND TO AID THE STATE DEFENDANT VIOLATING APPELLANT'S RIGHTS AFFORDED HIM UNDER THE FIFTH AND FOURTEENTH AMENDMENTS (DUE PROCESS) TO THE UNITED STATES CONSTITUTION, THE OHIO CONSTITUTION, AND STATE LAW, AND DENIED APPELLANT'S REQUESTED EVIDENTIARY HEARING AND RIGHTS TO HAVE HIS CLAIM(S) ADJUDICATED ON THE MERITS.
{¶ 12} "IV. THE LOWER COURT COMMITTED ABUSE OF DISCRETION AND PREJUDICIAL ERROR WHEN IT KNOWINGLY AND WILLINGLY BIASLY AND PREJUDICIALLY DISREGARDED THE STATE DEFENDANT DELIBERATE IMPOSED PREJUDICE UPON APPELLANT AND SELF-GENERATED GAINED ADVANTAGE OVER APPELLANT AND THENAFTER ISSUED A SUA SPONTE DISMISSAL ENTRY CAUSE OF ITS OWN VESTED INTEREST IN THE CAUSE AND TO AID THE STATE DEFENDANT VIOLATING APPELLANT'S RIGHTS AFFORDED HIM UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, THE OHIO CONSTITUTION, AND STATE LAW."
{¶ 13} Plaintiff's first assignment of error asserts the trial court erred in denying him the right to appeal the trial court's order overruling his motion for injunctive relief.
{¶ 14} The trial court did not deny plaintiff the right to appeal the court's ruling on his request for injunctive relief; rather, it deemed plaintiff's notice of appeal to be premature. Indeed, plaintiff's notice of appeal was filed from an order that did not terminate the entire action. Plaintiff, however, apparently relies on R.C.2505.02(B)(4)(b) to support his contention he was denied a provisional remedy that was immediately appealable.
{¶ 15} While R.C. 2505.02(B)(4)(b) permits a party to appeal a provisional remedy under the circumstances set forth in the statute, App.R. 4(B)(5) states that such an appeal may be taken within 30 days of the order, or at the conclusion of the case. Although plaintiff was prevented from appealing the determination at the time the trial court rendered it, he is fully able to appeal the trial court's ruling now, as he appeals the trial court's order dismissing his case. We do not suggest a trial court has the prerogative to determine arbitrarily when a party's appeal should be pursued, but only that the trial court's order here did not deprive plaintiff of the right to appeal; rightly or wrongly, it simply postponed it.
{¶ 16} Moreover, because plaintiff's motion for injunctive relief lacked merit, plaintiff suffered no prejudice as a result of not being able to appeal the trial court's order at the time it was issued. According to plaintiff's complaint and his motion for injunctive relief, MANCI had refused to mail plaintiff's legal mail, regardless of whether his account had the necessary funds. Plaintiff, however, presented nothing in support of his request for injunctive relief suggesting that the past alleged infractions were about to be repeated. Rather, plaintiff alleged MANCI was enforcing, in accordance with its terms, policy 204-01 that allowed an inmate free postage only if his account balance did not earn or receive more that $9 during the 30-day period immediately preceding the request. Because MANCI was enforcing the policy as written, plaintiff presented no reason, apart from constitutional arguments, for enjoining MANCI's actions. Under those circumstances, we cannot say the trial court erred in denying plaintiff's motion for injunctive relief. Moreover, to the extent plaintiff's contentions were based on alleged constitutional infringements, the trial court lacked jurisdiction to adjudicate those concerns. Graham v. Bd. of Bar Examiners (1994),98 Ohio App.3d 620. Accordingly, plaintiff's first assignment of error is overruled.
{¶ 17} Plaintiff's second, third, and fourth assignments of error all challenge the trial court's order dismissing plaintiff's complaint for failure to prosecute pursuant to Civ.R. 41(B).
{¶ 18} Plaintiff's refusal to answer questions during his deposition resulted in MANCI's filing a motion to dismiss on November 21, 2001, premised on plaintiff's failure to attend his noticed deposition. MANCI followed with another motion to dismiss, filed on December 14, 2001, seeking dismissal of plaintiff's complaint for failure to comply with the trial court's November 16, 2001 order directing plaintiff to respond to MANCI's written discovery requests. The trial court ultimately dismissed plaintiff's case pursuant to Civ.R. 41(B) because plaintiff failed to attend the deposition for which he had been noticed.
{¶ 19} "Civ.R. 37(D) permits the trial court to enter an order pursuant to Civ.R. 37(B)(2)(c) that would dismiss the `action or any part thereof' for a party's failure to attend its own deposition. Civ.R. 41(B)(1) provides for the dismissal of an action or claim for failure to comply `with these rules or any court order,' but only after notice to plaintiff's counsel. `[T]he notice requirement of Civ.R. 41(B)(1) applies to all dismissals with prejudice, including those entered pursuant to Civ.R. 37(B)(2)(c) * * *.' Ohio Furniture Co. v. Mindala (1986),22 Ohio St.3d 99, 101; see, also, Sazima v. Chalko (1999),86 Ohio St.3d 151,155. The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court and will not be disturbed by a reviewing court absent an abuse of that discretion. Quonset Hut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 47." (Emphasis sic.) Stanek v. Somerville (July 5, 2001), Cuyahoga App. No. 78473.
{¶ 20} "A dismissal on the merits is a harsh remedy requiring the due process guarantee of prior notice. `The purpose of notice is to "provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice."' Logsdon v. Nichols (1995), 72 Ohio St.3d 124, 128, quoting McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 357, Section 13.07. Notice, however, can be actual or implied. Quonset, 80 Ohio St.3d at 49; see, also, Sazima, 86 Ohio St.3d at 351 * * *. As long as the party has been informed that dismissal of the action or claim is a possibility and has a reasonable opportunity to defend against the dismissal, then a court does not abuse its discretion in dismissing the action. Quonset,80 Ohio St.3d at 49. The Quonset court reasoned that plaintiff's counsel in that case was on implied notice of the possibility of dismissal with prejudice when it was served with a motion to dismiss to that effect and plaintiff duly opposed the motion." Id.
{¶ 21} Here, plaintiff's refusal to comply with the state's discovery requests was obstructing the orderly conduct of plaintiff's case. Rather than immediately dismiss plaintiff's case, the trial court, through its November 21 order, granted plaintiff an opportunity to respond to the state's discovery requests, but advised that plaintiff's failure to comply would result in dismissal of plaintiff's case. The record suggests plaintiff did not respond. Had the trial court dismissed plaintiff's case for failure to comply with the court's November order, the dismissal without question would meet the notice requirements of Civ.R. 41.
{¶ 22} The trial court, however, dismissed plaintiff's complaint for failure to attend the deposition MANCI noticed. The record does not contain any explicit notice from the court that plaintiff's case was subject to dismissal for plaintiff's failure to respond to questions in his deposition. The issue then resolves to whether plaintiff had implicit notice under Quonset Hut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46.
{¶ 23} Here, as in Quonset, the party seeking the sanction of dismissal filed a motion specifically requesting dismissal. According to the certificate of service accompanying the motion, MANCI served the motion on plaintiff. As a result, just as in Quonset, plaintiff is deemed to have had notice of the possibility of dismissal arising from his failure to cooperate in his deposition. Plaintiff had the opportunity to respond and explain his failure with respect to the deposition, but did not avail himself of the opportunity. Accordingly, we cannot say the trial court abused its discretion in dismissing plaintiff's complaint. Strayer v. Szerlip (Mar. 26, 2002), Knox App. No. 01-CA-28 (concluding the trial court properly dismissed plaintiff's complaint for failure to attend her own deposition where plaintiff received notice of the deposition and had the opportunity to respond to the motion seeking dismissal as a sanction for plaintiff's failure to attend her deposition); cf. Stanek, supra (finding lack of the requisite notice where party seeking sanction did not specifically request dismissal as a sanction). Further, because the trial court properly dismissed plaintiff's complaint, the merits of plaintiff's complaint are immaterial to the appeal, including plaintiff's protests about his transfer from one facility to another within the Department of Rehabilitation and Corrections.
{¶ 24} Lastly, while the sanction of dismissal is harsh and should be reserved for the most severe violations of Civ.R. 37, the trial court's dismissing plaintiff's complaint under the circumstances here is not an abuse of discretion. Even before plaintiff was noticed for his own deposition, the trial court had advised plaintiff his complaint was subject to dismissal if he did not respond to MANCI's written discovery requests within the time limits the court set. Plaintiff's further recalcitrance at his deposition, despite a telephone instruction from the court to respond to MANCI's questions, supports the trial court's decision to dismiss plaintiff's complaint. Accordingly, plaintiff's second, third, and fourth assignments of error are overruled.
{¶ 25} Having overruled all four of plaintiff's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
BOWMAN and GLASSER, JJ., concur.
GLASSER, J., retired, of the Sixth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.