**4**

BELL

v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.

2004-Ohio-2627.]

Court of Claims of Ohio.

No. 2002–06391–AD.

Decided May 5, 2004.

Christopher D. Bell, pro se.

Gregory C. Trout, Chief Counsel, Department of Rehabilitation and Correction, for defendant.

DANIEL R. BORCHERT, Deputy Clerk.

{¶ 1} Plaintiff, Christopher D. Bell, an inmate incarcerated at defendant's Grafton Correctional Institution ("GCI"), stated that he repeatedly attempted to obtain a bottom-bunk assignment due to a medical disability. Plaintiff claimed that he suffers from a preexisting foot injury that prohibited him from walking long distances or standing for long periods of time. Additionally, plaintiff claimed that he cannot jump up and down without experiencing significant foot pain. Therefore, plaintiff asserted that he needed a bottom-bunk assignment and had been trying to obtain such an assignment since he arrived at GCI on June 14, 1999. Plaintiff related that he had previously received bottom-bunk assignments while incarcerated at the Mansfield Correctional Institution and the Trumbull Correctional Institution.

{¶ 2} Plaintiff stated that he conferred with a member of the GCI medical staff, identified as Nurse Rogers, about his foot pain. Plaintiff asserted that he told Nurse Rogers on July 26, 2000, "that his right foot was giving him trouble." Plaintiff claimed that he fell while attempting to climb into his top bunk on July 27, 2000, and "hit his head in the front and the back." Plaintiff further claimed that he "was knocked unconscious for a period of five minutes." Within minutes of this purported incident, plaintiff received medical attention. Plaintiff maintained that he was "treated for open wounds to his head and to the back of his skull." Plaintiff complained that he did not receive further medical treatment from his alleged fall on July 27, 2000, and that he was subjected to indifference by GCI medical personnel.

{¶ 3} Plaintiff professed that he suffers from a preexisting foot injury, which has left him disabled. Plaintiff characterized the attitude of medical staff at GCI to his injury as "deliberate indifference" to his perceived medical needs. Plaintiff

related that he initiated several complaints about his foot to GCI personnel from 1999 up to July 26, 2000, when he complained of "excruciating pain and could not walk let alone make it into a top bunk assignment." The next day, July 27, 2000, plaintiff maintained that he fell down and injured his head while attempting to get into his top bunk in his cell. Plaintiff contended that the GCI doctor, Dr. Zuberi, should have ordered a bottom-bunk restriction for him in light of his foot condition. Plaintiff implied that Dr. Zuberi was negligent in failing to comply with his repeated requests for a bottom-bunk restriction. Plaintiff further implied that this refusal to order a bottom-bunk restriction on the part of Dr. Zuberi was the proximate cause of his fall from his top bunk on July 27, 2000. Furthermore, plaintiff argued, GCI personnel did not adequately respond to his need for medical care.

{¶ 4} Any claim based or grounded on insufficient, inadequate, substandard, or total lack of medical attention is subject to the statutory time limitations of former R.C. 2305.11(B)(1) and R.C. 2743.16(A).[1] The court will not consider any issue regarding medical care that accrued before June 28, 2001. Consequently, any perceived medical claim presented by plaintiff is untimely filed and shall not be addressed.

{¶ 5} Essentially, plaintiff has claimed that GCI medical personnel were indifferent to his perceived needs in failing to grant him a medically necessary bottom-bunk restriction. Plaintiff has contended that this refusal to grant him a bottom-bunk restriction proximately caused his injury on July 27, 2000, when he fell from the top bunk in his cell. Plaintiff claimed that the injury he received when he fell from his bunk resulted in his suffering some damages. Plaintiff filed this complaint seeking to recover $2,500 for "unnecessary pain and suffering" based on the alleged "negligence and deliberate indifference" of defendant's medical personnel in not tending to plaintiff's perceived needs.

{¶ 6} Defendant denied any liability in this matter. Defendant acknowledged that plaintiff "complained frequently that he wanted a bottom bunk." However, defendant's chief medical officer at GCI examined plaintiff and determined that there was no medical justification for granting plaintiff a bottom-bunk assignment. Defendant contended that the decision to deny inmate access to a bottom bunk is discretionary and, consequently, nonactionable.

---

1. {¶ a} Former R.C. 2305.11(B)(1) stated: "[A]n action upon a medical claim * * * shall be commenced within one year after the cause of action accrued * * *."

{¶ b} R.C. 2743.16(A) states: "[C]ivil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action *or within any shorter period that is applicable to similar suits between private parties.*" (Emphasis added.)

{¶ 7} Additionally, defendant asserted that any claim plaintiff has pursued based on medical malpractice should be denied, since plaintiff failed to produce any medical expert testimony, a requirement for stating a prima facie medical claim. See *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127, 75 O.O.2d 184, 346 N.E.2d 673. Defendant argued that plaintiff has failed to establish sufficient evidence to prove medical negligence under the allegations contained in this claim.

{¶ 8} Furthermore, defendant maintained that this court lacks jurisdiction to determine the claim plaintiff characterized as "deliberate indifference." Defendant has asserted that a claim based on "deliberate indifference" is premised on perceived violations of either the Ohio or the United States Constitution and is, therefore, outside the jurisdictional limits of this court. See *Graham v. Bd. of Bar Examiners* (1994), 98 Ohio App.3d 620, 649 N.E.2d 282; *White v. Dept. of Rehab. & Corr.* (Dec. 22, 1992), Franklin App. No. 92AP–1229, 1992 WL 385913.

{¶ 9} On January 15, 2004, plaintiff filed a response to defendant's investigation report. Plaintiff reiterated that due to the physical condition of his foot, he needed a bottom-bunk assignment. Plaintiff again explained that his repeated requests for the particular bunk assignment were ignored. Plaintiff did not submit any evidence to prove that defendant breached any duty of care owed to him by denying him a bottom-bunk assignment. Plaintiff did not establish any entitlement to relief grounded on actual medical treatment or denial of medical treatment occurring on or after June 28, 2001. Plaintiff did not submit sufficient evidence to prove that he was injured on July 27, 2000, as a proximate cause of his particular bunk assignment. Although plaintiff insisted that his total claim is founded upon the alleged negligence of defendant in refusing to provide him with a bottom-bunk assignment, plaintiff has failed to prove any causal relationship between this refusal of a bottom-bunk assignment and any injury received.

{¶ 10} In order to prevail, plaintiff must prove by a preponderance of the evidence that defendant owed him a duty, that defendant breached that duty, and that defendant's breach of duty proximately caused his injures. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 285, 21 O.O.3d 177, 423 N.E.2d 467. Ohio law imposes a duty of reasonable care upon the state to provide for its prisoners' health, care, and well-being. *Clemets v. Heston* (1985), 20 Ohio App.3d 132, 136, 20 OBR 166, 485 N.E.2d 287. Reasonable or ordinary care is that degree of caution and foresight that an ordinarily prudent person would employ in similar circumstances. *Smith v. United Properties, Inc.* (1965), 2 Ohio St.2d 310, 31 O.O.2d 573, 209 N.E.2d 142. Although there is a special relationship between an inmate and his custodian, no higher standard of care is derived from this relationship. *Scebbi v. Ohio Dept. of Rehab. & Corr.* (Mar. 21, 1989), Ct. of Cl. No. 87–09439.

■ {¶ 11} This court has previously held that an inmate plaintiff may recover damages in a situation where the plaintiff has (1) suffered personal injury from a fall from a top bunk, (2) the plaintiff had been issued a current valid bottom-bunk restriction, (3) defendant chose to not comply with the restriction but instead made a top-bunk assignment, and (4) plaintiff proves that the personal injury suffered was proximately related to defendant's failure to honor the valid bottom-bunk restriction. See *Hambrick v. Lorain Correctional Inst.* (Oct. 24, 2003), Ct. of Cl. No. 2000–11304, 2003 WL 22890383. In the instant claim, evidence has shown that plaintiff as of July 27, 2000, had not been issued a valid bottom-bunk restriction at GCI, despite the fact that he had been issued bottom-bunk restrictions at other institutions. Defendant's medical personnel at GCI chose not to issue plaintiff a bottom-bunk restriction. This decision was discretionary in nature and decisions made at other institutions have no bearing on a medical decision made by personnel at GCI. According to the available evidence, there was no indication to GCI medical staff that plaintiff was in immediate need of a bottom-bunk assignment. Therefore, the court concludes that defendant exercised reasonable care in evaluating plaintiff's medical status and making a decision regarding plaintiff's bunk assignment. Defendant acted reasonably and did not breach any duty owed to plaintiff. *Coles v. Orient Correctional Inst.* (Dec. 15, 1997), Ct. of Cl. No. 95–05978.

■ {¶ 12} Plaintiff insisted that he was injured on July 27, 2000, when he attempted to climb into his top bunk and fell, striking his head twice, which opened wounds to the front and back of his head. Plaintiff also related that he was knocked unconscious for approximately five minutes after striking his head. Plaintiff claimed $2,500 in damages for the claimed injuries resulting from the alleged fall while attempting to climb into his bunk.

{¶ 13} It is well settled that "[t]he weight to be given the evidence and the credibility of witnesses are primarily" issues for the trier of fact. *State v. Ballew* (1996), 76 Ohio St.3d 244, 249, 667 N.E.2d 369. The court is free to believe or disbelieve all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O.2d 366, 197 N.E.2d 548. The court considers plaintiff's statement regarding his recollection of the July 27, 2000 incident nonpersuasive. Plaintiff failed to prove that he was injured as a proximate cause of defendant's refusal to make a bottom-bunk assignment available to him. *Walker v. Ohio Dept. of Rehab. & Corr.* (Mar. 22, 2000), Ct. of Cl. No. 98–01558.

{¶ 14} Having considered all of the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against

plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

Judgment for defendant.