[Cite as *Hurley v. Dept. of Pub. Safety*, 2010-Ohio-4340.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES R. HURLEY, JR.

     Plaintiff

     v.

DEPARTMENT OF PUBLIC SAFETY,
et al.

     Defendants

     Case No. 2009-06508

Judge Clark B. Weaver Sr.

<u>DECISION</u>

{¶ 1} On June 21, 2010, defendants filed a motion for summary judgment pursuant to Civ.R. 56(B). On July 12, 2010, plaintiff filed a response. On August 13, 2010, the court conducted an oral hearing on defendants' motion.

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to

have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

**{¶ 4}** Plaintiff, the proprietor of a trucking business known as M & H Hotshot Express, operates what is referred to in the trucking industry as a "hot shot" rig, which is the combination of a freight trailer hauled by a pickup truck rather than a full-size semi-truck. On July 26, 2007, Dale Webster, a motor carrier enforcement inspector employed by defendant, Department of Public Safety (DPS), inspected plaintiff's rig at the weigh station on Interstate 70 near Cambridge, Ohio. As a result of the inspection, Webster found plaintiff to be in violation of 49 C.F.R. 395.8(e), which prohibits the driver of a "commercial motor vehicle" (CMV), as defined in the Code of Federal Regulations, from recording "off-duty" hours in the driver's logbook while sleeping in a vehicle that does not contain a sleeper berth.[1] As a result of the alleged violation, Webster issued an order pursuant to Ohio Adm.Code 4901:2-5-07 placing plaintiff "out of service" for ten hours and plaintiff consequently left his trailer at the weigh station and hired a driver to transport him and his truck to a hotel.

**{¶ 5}** Webster subsequently transmitted a report of the inspection and alleged violation to PUCO pursuant to Ohio Adm.Code 4901:2-7-04. On March 10, 2008, PUCO issued a "Notice of Preliminary Determination" pursuant to Ohio Adm.Code 4901:2-7-12, informing plaintiff that PUCO intended to assess him with a civil forfeiture of $100 for violating 49 C.F.R. 395.8(e). On December 4, 2008, the matter came before a panel of commissioners of the PUCO for a hearing at which plaintiff appeared pro se, and defendant, Office of Attorney General (OAG), appeared on behalf of PUCO.

**{¶ 6}** At the hearing, plaintiff argued that his truck, notwithstanding the trailer, was not subject to the relevant CMV regulations inasmuch as its gross vehicle weight rating had been modified to 10,000 pounds prior to the date of the alleged violation, just below the 10,001-pound threshold at which a vehicle may be considered a CMV under 49 C.F.R. 390.5. Plaintiff further argued that the truck bore a decal which reflected its

---

[1]Pursuant to Ohio Adm.Code 4901:2-5-02, motor carriers engaged in interstate commerce must comply with this and certain other motor carrier safety regulations set by the federal department of transportation and adopted by defendant, Public Utilities Commission of Ohio (PUCO). R.C. 5502.01(F) provides that DPS "shall enforce compliance with orders and rules of [PUCO] * * * regarding commercial motor vehicle transportation safety, economic, and hazardous materials requirements."

modified weight rating, but that Webster failed to take notice of it and instead entered the manufacturer-specified weight rating of the truck on the inspection report. Plaintiff acknowledged that the gross combination weight rating of the truck and trailer together subjected the truck to the relevant CMV regulations at all times while the trailer was attached, but he asserted that the trailer had not been attached to the truck during the hours at issue in his logbook and that he was thus not prohibited from logging off-duty and sleeping in his truck during those hours.

{¶ 7} On March 18, 2009, the commissioners issued an opinion and order finding that PUCO failed to prove the alleged violation by a preponderance of the evidence, specifically concluding that PUCO proved neither that plaintiff's truck met the definition of a CMV, nor that a trailer had been attached to the truck during the relevant hours in plaintiff's logbook. Accordingly, the commissioners ordered that plaintiff "should not be assessed the civil forfeiture of $100.00, and the alleged violation of 49 C.F.R. 395.8(e) should be removed from [plaintiff's] Safety-Net record and history of violations."

{¶ 8} On July 23, 2009, plaintiff filed his complaint in this action. The crux of plaintiff's complaint is that Webster submitted a "falsified" inspection report to PUCO inasmuch as he reported that he performed a "level one" inspection of plaintiff's rig as defined by federal regulations, but actually performed a less thorough inspection. Plaintiff asserts that such actions by Webster amounted to criminal falsification, and that after plaintiff advised PUCO and AGO of the same they should have dismissed the proceedings against him. Plaintiff further asserts that the failure of one or more assistant attorneys general to dismiss the proceedings violated attorney ethics rules.

{¶ 9} Plaintiff seeks equitable relief in the form of an injunction against DPS "to cease and desist from 'profiling' hot shot type rigs." Plaintiff further requests that the court enjoin PUCO to remove the alleged violation of 49 C.F.R. 395.8(e) from its records in accordance with the commissioners' opinion and order of March 18, 2009.

{¶ 10} Plaintiff also seeks monetary damages for "loss of use, income, future income, insurance loss and increases, damages to vehicle, unlawful detention and counseling and losses not yet known * * * due to the defendants wanton, negligent, reckless, malicious conduct, acting in bad faith and operating under the color of law."

{¶ 11} Although the legal theory underlying plaintiff's claim for monetary damages is not made clear in the complaint, to the extent that it may be construed as a claim for malicious civil prosecution, the elements of this cause of action are as follows: "(1) malicious institution of prior proceedings against the plaintiff by defendant, (2) lack of probable cause for the filing of the prior lawsuit, (3) termination of the prior proceedings in plaintiff's favor, and (4) seizure of plaintiff's person or property during the course of the prior proceedings." *Robb v. Chagrin Lagoons Yacht Club, Inc.* (1995), 75 Ohio St.3d 264, syllabus.

{¶ 12} With regard to the fourth element, plaintiff does not allege, nor is there any evidence to suggest, that his person or property were seized during the course of the proceedings before the PUCO. While PUCO initially sought to assess a civil monetary forfeiture of $100 against plaintiff for the alleged violation of 49 C.F.R. 395.8(e), the subsequent hearing on the matter resulted in the commissioners ordering that the forfeiture should not be assessed. Therefore, inasmuch as plaintiff fails to satisfy the element of seizure necessary for a claim of malicious civil prosecution, this claim must fail as a matter of law.

{¶ 13} With respect to plaintiff's assertion that Webster committed the crime of falsification as defined in R.C. 2921.13, the court lacks subject matter jurisdiction. R.C. 2921.13 is a criminal statute and it is well settled that the Court of Claims does not have jurisdiction over criminal matters against the state. See *Howard v. Supreme Court of Ohio*, Franklin App. Nos. 04AP-1093 & 04AP-1272, 2005-Ohio-2130, ¶17.

{¶ 14} Furthermore, the court lacks jurisdiction insofar as plaintiff argues that an assistant attorney general engaged in professional misconduct by pursuing the alleged violation before the PUCO. The disciplinary process for members of the Ohio bar falls within the exclusive jurisdiction of the Supreme Court of Ohio pursuant to Section 2(B)(1)(g), Article IV of the Ohio Constitution. See *Hecht v. Levin*, 66 Ohio St.3d 458, 461, 1993-Ohio-110.

{¶ 15} With regard to plaintiff's request for an injunction ordering DPS to "cease and desist from 'profiling' hot shot type rigs," plaintiff essentially asserts that DPS motor carrier enforcement officers use impermissible criteria in selecting which CMVs to stop and inspect. However, the basis for challenging the time, place, or scope of such

warrantless administrative stops or searches may be found under the Fourth Amendment to the U.S. Constitution. See *State v. Landrum* (2000), 137 Ohio App.3d 718. It has been consistently held that this court is without jurisdiction to consider claims for relief premised upon alleged violations of either the Ohio or United States Constitution. See, e.g., *Graham v. Ohio Bd. of Bar Examiners* (1994), 98 Ohio App.3d 620; *Burkey v. Southern Ohio Correctional Facility* (1988), 38 Ohio App.3d 170.

{¶ 16} Moreover, plaintiff had the opportunity during the proceedings before the PUCO to object to the criteria employed by Webster in stopping and searching his rig. To the extent that plaintiff is dissatisfied with or seeks review of those proceedings, the Tenth District Court of Appeals has exclusive jurisdiction to hear such an appeal. See *B & T Express, Inc. v. Pub. Util. Comm. of Ohio* (2001), 145 Ohio App.3d 656, 661.

{¶ 17} Finally, to the extent that plaintiff seeks to enjoin PUCO to remove the alleged violation from its records pursuant to the commissioners' opinion and order of March 18, 2009, defendants assert that the relevant deletion has been performed. To this end, defendants submitted the affidavit of Robert Leader, Assistant Chief for Administrative Systems of the Transportation Department at PUCO. Therein, Leader states that "[o]n August 18, 2009, I deleted violation 49 C.F.R. 395.8(e) from the Ohio Driver/Vehicle Examination Report No. OH 3249002339 pertaining to [plaintiff]." Leader further states that as a result of this deletion, the alleged violation was automatically deleted from the federal Motor Carrier Management Information System.

{¶ 18} Plaintiff provided no evidence to rebut Leader's assertions or to otherwise demonstrate that PUCO failed to remove the alleged violation from its records in accordance with the commissioners' opinion and order of March 18, 2009. Accordingly, reasonable minds can only conclude that PUCO removed the relevant records and that plaintiff's request for injunctive relief is therefore rendered moot.

{¶ 19} Based upon the foregoing, the court finds that there are no genuine issues of material fact and that defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment shall be granted and judgment shall be rendered in favor of defendants. All other pending motions are DENIED as moot.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES R. HURLEY, JR.

     Plaintiff

     v.

DEPARTMENT OF PUBLIC SAFETY,
et al.

     Defendants
     Case No. 2009-06508

Judge Clark B. Weaver Sr.

JUDGMENT ENTRY

An oral hearing was conducted in this case upon defendants' motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendants' motion for summary judgment is GRANTED and judgment is rendered in favor of defendants. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Stephanie D. Pestello-Sharf
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

James R. Hurley, Jr.
7580 Old Acton Road
Moody, Alabama 35004

RCV/cmd
Filed September 3, 2010
To S.C. reporter September 14, 2010