[Cite as *Somasundaram v. Kent State Univ.*, 2013-Ohio-5937.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

HARIKRISHNAN SOMASUNDARAM

    Plaintiff

    v.

KENT STATE UNIVERSITY

    Defendant

Case No. 2012-04197

Judge Patrick M. McGrath
Magistrate Anderson M. Renick

ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} On June 17, 2013, defendant filed a motion for summary judgment pursuant to Civ.R. 56(C). On July 3, 2013, plaintiff filed a response. Both plaintiff's July 11, 2013 motion for leave to file a supplemental brief and the June 17, 2013 and July 11, 2013 motions to submit the depositions of plaintiff, Marc McKee, and Mary Anne Saunders that were filed in Case No. 2011-03405 are GRANTED. The motion for summary judgment is now before the court for a non-oral hearing.

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party

against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

{¶ 4} Plaintiff's claims arise from his participation in a flight training program that was conducted by Premier Flight Academy, Ltd. (Premier), a private entity which had some affiliation with defendant Kent State University (KSU). Plaintiff is a resident of India who had registered with KSU for a noncredit program, Commercial Pilot Academy, through KSU's Office of Continuing Studies and Distance Education. (Complaint, Exhibit 1.) Plaintiff signed a detailed contract with Premier which set forth the terms and conditions of the training program. In March 2009, plaintiff was accused of theft by Sheril Kannath, who was also a flight student. Premier subsequently "terminated" plaintiff from the flight program.

{¶ 5} Plaintiff alleges breach of contract, unjust enrichment, and violations of the Consumer Sales Practices Act (CSPA), 42 U.S.C. 1983, and the Fourth Amendment to the United States Constitution.

**BREACH OF CONTRACT**

{¶ 6} To prove breach of contract, a plaintiff must show: 1) that a valid contract exists; 2) performance by the plaintiff; 3) non-performance, or breach, by the defendant; and 4) damages resulting from that breach. *O'Brien v. Ohio State Univ.*, 10th Dist. No. 06AP-946, 2007-Ohio-4833, ¶ 44.

{¶ 7} Although plaintiff contends that Premier was "intricately connected" to KSU, plaintiff has not presented a contract with KSU or any evidence to establish that he had a contractual relationship with KSU. The only document that was submitted to show a relationship between plaintiff's flight studies and KSU is a United States Department of Justice "Certificate of Eligibility for Nonimmigrant (F-1) Student Status," which shows

that on August 8, 2008, a manager from KSU's International Student & Scholar Service certified that plaintiff was pursuing a flight training certificate.

{¶ 8} In support of his motion, plaintiff submitted the deposition of Mary Anne Saunders, a KSU administrator who supervised international student affairs. Saunders testified that she began working for KSU "at the end of" 2008 and that she had little knowledge of the flight program. However, Saunders was aware that Premier had agreed to pay KSU $1,500 for each international student who entered into the flight training program. According to Saunders, the relationship between KSU and Premier ended because KSU was "not being paid." (Saunders deposition, page 16.)

{¶ 9} Defendant submitted the deposition of Marc McKee, one of the owners of Premier, wherein he explained KSU's role in assisting Premier's international students who needed to obtain a visa. McKee states that Premier's students obtained assistance from KSU's Office of Continuing Studies and Distance Education to help students from India obtain visas to participate in the flight program. McKee testified that Premier agreed to pay KSU $1,500 to register flight students for the noncredit program through KSU's College of Continuing Studies and that the registration was used by the students to obtain an F1 visa. According to McKee, all tuition and fees related to the flight program were collected directly from plaintiff by Premier pursuant to the student acceptance agreement. (Complaint, Exhibit 2.) Plaintiff's contract with Premier included the understanding that if plaintiff was charged with "any violation that may result in a felony or misdemeanor conviction, * * * [plaintiff] may be terminated from the course in Premier's sole discretion." *Id.* at ¶ 18.

{¶ 10} Defendant also submitted plaintiff's deposition, wherein he admitted that he used Kannath's credit card without her consent "to get some revenge" after a dispute related to the flight program. (Plaintiff's deposition, pages 13-15.) McKee discussed the credit card theft with plaintiff and based upon plaintiff's admission, McKee notified a police officer who prepared a report that was submitted to local prosecutors. Plaintiff stated that McKee informed him that he was being suspended from the flight school for

violating program rules after McKee learned about the credit card incident. According to plaintiff, he was compelled to return to India in December 2009 when his visa expired before he was able to obtain an extension after enrolling in another flight program.

{¶ 11} Although plaintiff contends that Premier was "intricately connected" to KSU, plaintiff has not presented a contract with KSU or any evidence to establish that he had a contractual relationship with KSU. Furthermore, to the extent that he argues that he was an intended beneficiary of the contract between Premier and KSU, plaintiff acknowledged that KSU complied with its agreement to assist in obtaining an F-1 visa; there is no evidence to show that KSU owed any other contractual duty to plaintiff. Moreover, generally, private citizens do not have the right to enforce government contracts as a third-party beneficiary on their own behalf, unless a different intention is clearly manifested in the contract. *Doe v. Adkins*, 110 Ohio App.3d 427, 436 (1996); 2 Restatement of the Law 2d, Contracts (1981) 472, Section 313, Comment a.

## UNJUST ENRICHMENT

{¶ 12} "Unjust enrichment is an equitable doctrine to justify a quasi-contractual remedy that operates in the absence of an express contract or a contract implied in fact to prevent a party from retaining money or benefits that in justice and equity belong to another." *Struna v. Ohio Lottery Comm.*, 10th Dist. No. 03AP-787, 2004-Ohio-5576, ¶ 22, quoting *Turner v. Langenbrunner*, 12th Dist. No. CA2003-10-099, 2004-Ohio-2814, ¶ 38. "A plaintiff seeking to recover under unjust enrichment or quantum meruit must establish that: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant knew of the benefit; and (3) it would be unjust to permit the defendant to retain the benefit without payment." *Meyer v. Chieffo*, 193 Ohio App.3d 51, 2011-Ohio-1670, ¶ 37 (10th Dist.).

{¶ 13} Plaintiff has failed to establish that he conferred a benefit on KSU. As stated above, the evidence shows that plaintiff paid Premier for flight instruction and that

plaintiff concedes KSU assisted him in obtaining his visa for the fee that was paid by Premier for that purpose. Accordingly, plaintiff's claim for unjust enrichment is without merit.

**CONSUMER SALES PRACTICES ACT**

{¶ 14} The CSPA provides, at R.C. 1345.04, that: "The courts of common pleas, and municipal or county courts within their respective monetary jurisdiction, have jurisdiction over any supplier with respect to any act or practice in this state covered by sections 1345.01 to 1345.13 of the Revised Code, or with respect to any claim arising from a consumer transaction subject to such sections."

{¶ 15} R.C. 2743.02(A)(1) provides: "The state hereby waives its immunity from liability * * * and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties * * *. To the extent that the state has previously consented to be sued, this chapter has no applicability." The CSPA was enacted prior to the enactment of the Court of Claims Act and it applies to consumer actions against a "government, governmental subdivision or agency." *See* R.C. 1345.01; *Ridenour v. Chillicothe Corr. Inst.*, Ct. of Cl. No. 2007-09178-AD, 2009-Ohio-3576. Inasmuch as CSPA claims must be brought in "[t]he courts of common pleas, and municipal or county court" this court lacks subject matter jurisdiction to hear such claims.

**CONSTITUTIONAL CLAIMS**

{¶ 16} It is well-established that the court lacks subject matter jurisdiction over alleged violations of constitutional rights and claims arising under 42 U.S.C. 1983 because the state is not a "person" within the meaning of those sections. *See, e.g., Jett v. Dallas Indep. School Dist.* (1989), 491 U.S. 701; *Bleicher v. Univ. of Cincinnati College of Medicine,* 78 Ohio App.3d 302, 306-307 (1992). Thus, this court is without

jurisdiction to hear plaintiffs' constitutional claims. *Graham v. Board of Bar Examiners*, 98 Ohio App.3d 620 (1994).

{¶ 17} For the foregoing reasons, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. All previously scheduled events are VACATED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

cc:

Ashvin Chandra
15600 Madison Avenue
Lakewood, Ohio 44107

Randall W. Knutti
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Jaye M. Schlachet
55 Public Square, Suite 1600
Cleveland, Ohio 44113

004
Filed August 7, 2013
Sent to S.C. Reporter April 30, 2014