DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, David W. Carter, has appealed from the decision of the Lorain County Court of Common Pleas granting Appellee's motion to dismiss for failure to prosecute. We affirm.
 I. {¶ 2} On January 8, 2003, Appellant filed a complaint against Appellee, the City of Lorain, alleging claims of breach of contract, quantum meruit, and promissory estoppel. Appellee timely filed an answer to the complaint and served Appellant with interrogatories and a request for production of documents. Appellant failed to respond to Appellee's discovery requests. On June 27, 2003, Appellee filed a motion to compel discovery. Appellant failed to respond to that motion.
 {¶ 3} On August 1, 2003, Appellee filed a motion to dismiss the complaint for Appellant's failure to prosecute. A copy of this motion was sent to Appellant's counsel at the address he had provided to the court, but Appellant failed to respond to this motion, as well. On July 2, 2004, the trial court granted Appellee's motion and dismissed Appellant's complaint with prejudice.
 {¶ 4} Appellant timely appealed, raising one assignment of error for our review.
 II. Assignment of Error
"The trial court abused its discretion and committed reversible error by dismissing appellant's case with prejudice for his alleged failure to prosecute it (1) without first giving appellant notice of its intent to do so; (2) without having a factual basis to conclude that appellant's conduct fell substantially below that which was reasonable under [the] circumstances evidencing complete disregard for the judicial system or the rights of the opposing party, and (3) without considering less drastic alternatives."
 {¶ 5} In his sole assignment of error, Appellant argues that the trial court committed both procedural and substantive error by dismissing his case with prejudice. Specifically, Appellant maintains that he did not receive the notice required by Civ.R. 41(B)(1); that his conduct did not merit dismissal; and that the trial court should have first considered less drastic sanctions. We have reviewed the record properly before us,[1] and conclude that the trial court did not abuse its discretion by dismissing Appellant's claim with prejudice.
 {¶ 6} The decision to dismiss a case for failure to prosecute is within the sound discretion of the trial court. Quonset Hut, Inc. v. FordMotor Co. (1997), 80 Ohio St.3d 46, 47. Therefore, our review is limited to a determination of whether the trial court abused its discretion. Id. Abuse of discretion is more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. We must apply this standard of review with a heightened degree of scrutiny, however, because the trial court's decision "forever den[ied] a plaintiff a review of a claim's merits." Jones v. Hartranft (1997), 78 Ohio St.3d 368, 372.
 {¶ 7} Motions to dismiss for failure to prosecute are governed by Civ.R. 41(B)(1), which provides, in relevant part: "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."
 {¶ 8} The purpose of the notice requirement of Civ.R. 41(B)(1) is to "provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice." Logsdon v. Nichols (1995), 72 Ohio St.3d 124, 128, quoting McCormac, Ohio Civil Rules Practice (2 Ed. 1995) 357, Section 13.07. Civ.R. 41(B)(1) does not require actual notice of the possibility of dismissal; implied notice is sufficient when it is reasonable under the circumstances. Quonset Hut, 80 Ohio St.3d at 49; Logsdon,72 Ohio St.3d at 129 (Cook, J., concurring in part and dissenting in part).
 {¶ 9} The procedural history of this case persuades us that Appellant's counsel should be charged with implied notice of the possibility of dismissal, and that implied notice is reasonable under the circumstances. Appellee's motion to dismiss was mailed to Appellant's counsel at the address counsel had provided to the court. Also, at all times relevant to this case, the Lorain County Court of Common Pleas made its docket sheets available online. Notwithstanding those facts, Appellant failed to respond to the motion for eleven months, at which time the trial court issued its decision. Appellant was afforded the opportunity to defend against the motion to dismiss; he simply failed to take advantage of that opportunity.
 {¶ 10} Factors relevant to the merits of a Civ.R. 41(B)(1) motion to dismiss with prejudice include a protracted history of the litigation; the plaintiff's failure to respond to discovery requests until threatened with dismissal; and "other evidence that a plaintiff is deliberately proceeding in dilatory fashion[.]" Jones, 78 Ohio St.3d at 372. With these factors in mind, we conclude that the trial court's decision to dismiss Appellant's case with prejudice rather than mete out a lesser sanction was not unreasonable, arbitrary, or unconscionable.
 {¶ 11} Appellant never responded to Appellee's discovery requests or to Appellee's motion to compel discovery which he conceded at oral argument he had received. Appellant also never responded to Appellee's motion to dismiss. The record indicates that, save for filing the complaint and obtaining an extension of time to respond to Appellee's discovery requests, Appellant took no action in this case during the year and a half during which it was pending. In light of this lengthy history of Appellant's inaction and failure to respond, the harsh sanction of dismissal was not unwarranted.
 {¶ 12} Appellant's assignment of error is overruled.
 III. {¶ 13} Appellant's assignment of error is overruled, and the decision of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Batchelder, J., concur.
[1] In his brief, Appellant has referenced materials he submitted to the trial court after it entered the judgment from which he has appealed. As those materials are not part of the record properly before this Court on appeal, we may not consider them.